STOCKYARDS NATIONAL BANK V. W. I. MAPLES.

No. 6649. Decided July 15, 1936.
(95 S. W., 2d Series, 1300.)

L. J. *Wardlaw*, of Fort Worth, for appellant.

A plaintiff in a suit against a non-resident corporation, in a county other than the county where such corporation has its principal office, wherein a plea of privilege has been filed by a non-resident corporation, must allege in his controverting affidavit and prove by evidence, that the cause of action, or a part thereof, arose in the county where the suit was filed. Elliott v. Sackett, 108 U. S. 132, 2 Sup. Ct., 375, 27 L. Ed., 678; George v. Blumberg, 211 S. W., 309; Spencer v. Presbyterian Board, etc., 36 S. W. (2d) 606.

J. L. *Alford*, of Rising Star, and *Robey & Robey*, of Eastland, for appellee.

Upon pleas of privilege it is sufficient for plaintiff to plead a cause of action, and prove that it arose in whole or in part in the county of suit, and where venue is challenged by one sued outside of the county of his residence the burden is upon plaintiff to allege and prove that case is within exception to venue

statute, but proof need not be uncontradicted nor clear and convincing, but need only be sufficient to sustain findings. In determining defendant's rights to the place of trial, the court may assume that the cause of action is as stated in the petition, and cannot decide issues on the merits of the case. First National Bank v. Childs, 231 S. W., 807; Crespi v. Wigley, 18 S. W. (2d) 716.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The nature of the cause and the questions to be answered are thus stated in the certificates from the Court of Civil Appeals:

"W. I. Maples filed this suit in a justice court in Eastland County against J. E. Tucker and Stockyards National Bank, a corporation, to recover $190.00 alleged to be due him as pasturage. The bank filed its statutory plea of privilege to be sued in Tarrant County, the county of its domicile. This plea was timely controverted by Maples. One of the exceptional provisions relied upon by him to support the venue in Eastland County was exception 4 of Art. 1995, R. S., 1925, reading as follows: 'If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.'

"The petition was sufficient to allege a joint cause of action against Tucker and the bank. Upon the trial of the issues, joined by the plea of privilege and the controverting plea, the evidence was sufficient to establish a cause of action against Tucker, who was shown to be a resident of the precinct in which the suit was instituted. No character of cause of action was shown to exist against the bank, but, to the contrary, the evidence affirmatively disclosed that the plaintiff had no cause of action against it. The plea of privilege was overruled, and from the order overruling same appeal was perfected to this court. Upon the original hearing, by a divided court, we reversed the judgment of the trial court, and ordered the venue of the suit as to the bank changed to Tarrant County. The views entertained by Associate Justice Funderburk differed from those of the majority, and he filed a dissenting opinion. These opinions accompany this certificate, and reflect our different views on the question involved.

"Upon the foregoing statement we certify to your court the following questions:

"1st. Where, in a suit against two defendants residing in different counties brought in the county of the residence of one

of them, the petition alleges a joint cause of action against both of them, and the non-resident defendant files his plea of privilege to be sued in the county of his residence, and where venue is sought to be sustained under exception 4, Art. 1995, is it incumbent upon the plaintiff, in order to sustain the venue as laid, to prove a cause of action against the non-resident defendant?

"2nd. Under the conditions set forth in the next preceding question, would the plaintiff establish his right to maintain venue where laid by alleging a joint cause of action against the two defendants and making proof of a cause of action against the resident defendant?

"3rd. If question No. 2 is answered in the affirmative, would that conclusion be altered if the evidence upon the hearing of the plea of privilege affirmatively disclosed that the plaintiff had no cause of action, either joint or several, against the non-resident defendant?"

The two carefully prepared opinions accompanying the record evidence painstaking examination and consideration of the authorities bearing upon the questions certified and they have been most helpful in the investigation and decision of the case. The majority opinion written by Judge Leslie expresses the conclusion that the burden is upon the plaintiff seeking to maintain venue under exception 4 of Article 1995, after the filing of a plea of privilege by the defendant who is not a resident of the county in which the suit is filed, not only to plead a proper cause of action both against the resident defendant and the non-resident defendant and to prove a cause of action against the resident defendant, but also to prove a cause of action against the non-resident defendant. This conclusion is supported by several decisions of the courts of civil appeals and by expressions contained in two opinions by the Commission of Appeals and in a number of opinions by the courts of civil appeals.

■ The conclusion stated in Judge Funderburk's dissenting opinion is that "Proof that a named defendant is in fact a resident of the county where the suit is pending and that plaintiff has a cause of action against him, together with proof of the nature of the case which plaintiff's pleadings supply, constitutes full proof of every fact necessary to show that the case comes within exception 4." His opinion, with which we agree, is that it is not incumbent upon the plaintiff, in order to overcome the effect of the plea of privilege, to prove a cause of action against the non-resident defendant.

In Compton v. Elliott, 126 Texas, 232, 88 S. W. (2d) 91, it is held that the venue facts, which a plaintiff desiring to sue a defendant outside of the county of his domicile must allege and prove, if the defendant asserts his privilege, are those stated in the particular exception that is applicable or appropriate to the character of suit alleged in the plaintiff's petition. The language of exception 4 under consideration in the instant case is: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." This language by its terms names as the venue facts to be alleged and proven by the plaintiff the residence of one of the defendants in the county where the suit is pending and a suit brought against two or more defendants.

The first of these two venue facts, that one of the defendants resides in the county where the suit is pending, must be proven by affirmative evidence upon the hearing. Proof of it is not made by, or by the introduction of, the allegations of the petition or of the controverting affidavit. The other of the two venue facts named by the terms of exception 4, that is, that the suit is brought against two or more defendants, pertains to the nature of the suit. The reasonable inference is that a proper suit against two or more defendants is meant, that is, a suit in which the defendants are properly joined. It is essential that a plaintiff seeking to obtain the benefit of exception 4 allege in his petition a joint cause of action against the resident and non-resident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. Mathonican v. Scott & Baldwin, 87 Texas, 396, 28 S. W., 1065; Cobb v. Barber, 92 Texas, 309, 47 S. W., 963; Richardson v. D. S. Cage Company, 113 Texas, 152, 156, 252 S. W., 747.

■ Proof that the suit is of such nature is supplied by the plaintiff's petition, for it, as so often has been said, is "the best and all-sufficient evidence of the nature of an action." Yates v. State, 3 S. W. (2d) 114; Oakland Motor Car Co. v. Jones, 29 S. W. (2d) 861; Commercial Standard Insurance Co. v. Lowrie, 49 S. W. (2d) 933; American Fruit Growers v. Sutherland, 50 S. W. (2d) 898.

■ If the rule announced in Compton v. Elliott, above referred to, were strictly applied to exception 4, it seems that a plaintiff would make sufficient proof to overcome the effect of the

plea of privilege if he proved by affirmative evidence the fact of the residence of one of the defendants in the county and by the allegations of his petition the proper nature of the suit. But, as said by Judge Leslie in Caprito v. Weaver, 77 S. W. (2d) 595, another venue fact which the plaintiff is required to plead and prove has been added to exception 4 by judicial construction. It is that the plaintiff to prevent the change of venue must also plead and prove that he has in fact a cause of action against the resident defendant.

This construction was given to the statute in Richardson v. D. S. Cage Company, 113 Texas, 152, 157, 252 S. W., 747, where Judge German, writing the opinion adopted by the Court, said:

"In a case, as here, where the plaintiff attempts to allege a cause of action against one defendant, relying upon the existence of that cause of action as a basis to maintain his suit in the county where it is brought against another defendant who does not reside in that county, he being in possession of the proof upon which he relies to establish that cause of action, we think the rule ought to be that in the trial on the plea of privilege he should be required to prove the allegations of his petition to the extent of showing a bona fide cause of action against the resident defendant, or the plea should be sustained."

Richardson v. D. S. Cage Company has been quoted, construed and followed by many decisions of the courts of civil appeals as holding that in cases coming under exception 4 the burden is upon the plaintiff to prove as well as to allege a cause of action against the resident defendant and that if he fails to prove such cause of action the plea of privilege must be sustained. Among such decisions are: First National Bank of Bowie v. Bulls, 243 S. W., 577; Caughan v. Urquhart, 265 S. W., 1097; Dallas Railway Co. v. Kimberly, 268 S. W., 1054; Russell Grader Mfg. Co. v. McNillin, 271 S. W., 124; T. P. Moor & Co. v. American Indemnity Co., 280 S. W., 342; Elliott Jones & Co. v. M. K. Towns Production Co., 283 S. W., 246; Spencer v. Presbyterian Board, etc., 36 S. W. (2d) 606; Padgett v. Lake Cisco Amusement Co., 54 S. W. (2d) 201; Burford Oil Co. v. Jefferies, 59 S. W. (2d) 293; Bryant v. Spear, 68 S. W. (2d) 300; Pray v. Cleveland Compress & Service Co., 71 S. W. (2d) 1108; Caprito v. Weaver, 77 S. W. (2d) 595.

The rule announced in Richardson v. D. S. Cage Company was apparently approved by the Supreme Court in its refusal of the application for writ of error in Jackson v. United Producers Pipe Line Company, 33 S. W. (2d) 540. Part of the judgment rendered by the Court of Civil Appeals in that case

was to reverse the trial court's judgment overruling Langford's plea of privilege and to remand the cause with instructions to transfer the case for trial as between the plaintiff and Langford to the county of Langford's residence. The plaintiff had sued the pipe line company and Langford in the county of the pipe line company's domicile as joint tort-feasors in the conversion of oil. It was held, citing Richardson v. D. S. Cage Company, that Langford's plea of privilege should have been sustained because the plaintiff on the trial failed to prove liability on the part of the pipe line company either alone or jointly with Langford.

The reason given in Richardson v. D. S. Cage Company for the imposition of the additional burden upon the plaintiff is, as shown by the quotation hereinabove made from the opinion in that case, that it is but fair to require the plaintiff to prove the allegations of his petition to the extent of showing a cause of action against the resident defendant, because the plaintiff is in possession of the proof upon which he relies to establish that cause of action. It is suggested in Oakland Motor Car Company v. Jones, 29 S. W. (2d) 861, and in other decisions of the courts of civil appeals, that such ruling is necessary because any less strict requirements would render the valuable right of a defendant to be sued in the county of his residence too easily denied to him by the simple allegations of his adversary, perhaps never intended to be proved.

We express no opinion as to the correctness of the rule requiring the plaintiff on the hearing of the plea of privilege to make proof that he has a cause of action against the resident defendant or as to the soundness of the reasons given in support of it. By its positive announcement in an opinion adopted by the Supreme Court many years ago and the many decisions of the courts of civil appeals approving and following that opinion, the rule has become so well established as a part of the procedural law of the State that it should not be changed without legislative action. The cause of action proven must be the one pleaded by the plaintiff. Gholson v. Thompson, 298 S. W., 318.

As has been shown, the decisions of the courts have added another venue fact to those prescribed by the language of exception 4. In our opinion there is neither necessity nor compelling reason for creating by judicial construction the further requirement that the plaintiff to maintain venue under exception 4 prove a cause of action against the non-resident defendant. The reasons which have been assigned for the rule that the plaintiff must prove a cause of action against the resident

defendant do not have equal, if any, application to a requirement of proof of a cause of action against the non-resident defendant. The facts with respect to the plaintiff's controversy with the non-resident defendant are ordinarily within the knowledge of such defendant; and in our opinion adequate protection is afforded to the defendant's valuable right to make his defense on the merits in the county of his residence when the plaintiff who has filed suit in the county of the residence of one of the defendants is obliged, in order to overcome the prima facie proof made by the plea of privilege filed by the non-resident defendant, to establish by proof the three venue facts which have been discussed, including the fact that he has a cause of action, as alleged, against the resident defendant.

Proof by the plaintiff that he has a cause of action against the resident defendant is relevant to the issue of venue, in that the plaintiff in making such proof conclusively shows his good faith in the selection of the venue; but proof by the plaintiff that he has a cause of action against the non-resident defendant has no relevancy to the issue of venue.

■ The making of proof of the cause of action against the resident involves a trial in part of the merits of the case on the hearing of the plea of privilege. The statutory hearing upon the issues made by the plea of privilege and the controverting affidavit is intended to be a trial of the question of venue and not of the merits of the case. This hearing should not be extended into a consideration or trial of the merits of the case farther than is made necessary by the peculiar language of the particular exception of Article 1995 upon which the plaintiff relies. On the trial of the issues made by the plea of privilege and the controverting affidavit, the plaintiff must prove the essential facts in the usual way and the defendant is permitted by his evidence to dispute and contradict the plaintiff's evidence. Compton v. Elliott, 126 Texas, 232, 88 S. W. (2d) 91. If the plaintiff had the burden of proving both a cause of action against the resident defendant and a cause of action against the non-resident defendant, the hearing would in effect be a trial of the merits of the entire controversy. It is true that if upon such hearing evidence were admitted bearing upon the merits of the plaintiff's case against the non-resident defendant, such defendant might be able to prove the plaintiff's suit against him to be wholly unfounded; but such proof is properly made upon a trial on the merits. The statutory provisions as to the defendant's privilege and the plea of privilege were not intended to protect defendants from unfounded suits.

Our answer to the first question certified is: When, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the non-resident defendant files a plea of privilege to be sued in the county of his residence and the plaintiff seeks to sustain venue under exception 4 of Article 1995, it is not incumbent upon the plaintiff in order to sustain the venue as laid to prove a cause of action against the non-resident defendant.

To the second question we answer: Under the conditions set forth in the answer to the first question, the plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant.

Answering the third question, the conclusion expressed in the answer to the second question would not be altered if the evidence upon the hearing of the plea of privilege affirmatively disclosed that the plaintiff had no cause of action, either joint or several, against the non-resident defendant. Evidence as to the merits of plaintiff's cause of action against the non-resident defendant who pleads his privilege should be given no effect in trying and determining the question of venue presented by the plea of privilege and a controverting affidavit invoking exception 4. The issue raised by the plea of privilege and the controverting affidavit is venue, not liability. Farmers' Seed and Gin Co. v. Brooks, 125 Texas, 234, 239, 81 S. W. (2d) 675.

Opinion adopted by the Supreme Court July 15, 1936.