**DARGAN et al. v. ROBINSON.**

No. 8655.

Court of Civil Appeals of Texas. Austin.

April 27, 1938.

Upton, Upton & Baker, of San Angelo, for appellants.

Joab Campbell, of Eldorado, for appellee.

BAUGH, Justice.

Appeal is from an order of the District Court of Schleicher County overruling, after a hearing thereon, the pleas of privilege of the appellants, defendants below, to be sued in the counties of their respective residences,—that is, the counties of Tom Green and Harris.

Appellee, plaintiff below, sued Leslie L. Baker, a resident of Schleicher County; Camp & Company, a partnership composed of James L. Camp of Sterling County and A. L. McMurtrey of Tom Green County; and Cravens, Dargan & Company, a partnership composed of K. S. Dargan, Roderick Cravens, and Malcom Cravens, all of whom resided in Harris County. Service was had on Baker, A. L. McMurtrey, and K. S. Dargan. McMurtrey, for himself and on behalf of his firm, filed his plea to be sued in Tom Green County. K. S. Dargan, individually and on behalf of his partnership, filed a plea to be sued in Harris County. These pleas were duly controverted, a hearing had thereon, and same overruled; from which judgment this appeal is prosecuted.

The plaintiff Robinson, who purchased cotton in Schleicher County and delivered it on his own trucks to purchasers from him at Gulf ports, alleged that the several defendants were agents of one or more fire insurance companies; that in October, 1936, acting jointly and severally and as agents for each other, defendants contracted and agreed and undertook to furnish him for a designated premium, policies of fire insurance protecting him for one year against loss by fire of the cotton to be hauled by him on certain trucks, described in the application signed by him and delivered to Leslie L. Baker who had solicited said insurance; that such policy on the truck involved was to be in the sum of $1,000; that on November 6, 1936, while he was transporting 13 bales of cotton on said truck from Eldorado to Corpus Christi, same was destroyed by fire to his damage in the sum of $800, which loss he suffered because of the failure of the defendants to have same insured as they had agreed and had undertaken to do.

The evidence showed that Baker, who was assistant cashier of the bank at Eldorado, through which bank plaintiff handled his cotton transactions, solicited or agreed to obtain plaintiff's insurance on his trucks prior to the beginning of the 1936 cotton season; that shortly thereafter Baker brought to plaintiff McMurtrey, who discussed the matter with him; that plaintiff instructed Baker to procure for him cargo insurance on the cotton to be hauled on plaintiff's two trucks, and to secure public liability and property damage insurance also. At that time Baker did not know what the rates on these respective liabilities would be, but advised plaintiff that the cargo insurance would not be less than $20 nor more than $25 per truck; that plaintiff thereupon told Baker to effect such insurance for him and to charge the amount of the premium to plaintiff's account at the bank, which was agreed to by both Baker and McMurtrey.

Obviously McMurtrey undertook to procure such insurance from or through Cravens, Dargan & Company, for on October 13, 1936, he wrote Baker, as follows: ·

"Enclosed please find truck policy for Mr. Robinson also telegram from Craven and Dargan showing that cargo coverage is bound * * *."

This letter Baker ·showed to Robinson, and according to the latter's testimony Baker advised him to go ahead and haul his cotton and that he would be protected. And on October 15, 1936, McMurtrey wrote Baker further about the matter, giving him the rates for the different types of insurance and information with reference to short rate cancellation, the last sentence of which letter stated:

"Leslie, the cargo coverage can be bound and put into force immediately; however, the P L and P D will have to be written by application."

Because of the excessive premium on the public liability and property damage coverage in said policy when it arrived, Baker took it to plaintiff and after a discussion of the matter Robinson, according to Baker's testimony, agreed that he, Baker, take the matter up with McMurtrey to see if the policy as to public liability and property damage coverage could be cancelled. Baker thereupon telephoned McMurtrey and asked for such cancellation. McMurtrey in turn appears to have taken the matter of cancellation up with Cravens, Dargan & Company. Nothing further appears to have been done, or at least no further information furnished either Baker or Robinson about the matter until after the cotton burned. Robinson testified that at no time did he authorize the cancellation of cargo insurance on his cotton, but only the public liability and property damage coverage.

Under plaintiff's allegations as to the joint and several agreements and undertakings of the respective defendants it is clear we think that venue was properly laid in Schleicher County, the residence of Baker, under subdivision 4 of article 1995, R.S. None of the defendants were insurers themselves, but plaintiff clearly made a prima facie case of a joint undertaking, especially between Baker and McMurtrey,

to furnish him insurance protection on his cotton cargo. They undertook to do so and Baker assured him that they had done so. Even if the exact amount of the premium for such cargo coverage was not expressly agreed upon, Robinson was informed that it would not be less than $20 nor more than $25 per thousand, agreed to pay such sum and instructed Baker to charge his ·account with the amount. It was clearly indicated that Baker was to participate in the commission allowed on the premium to be paid. He was therefore jointly interested with the non-resident defendants and consequently such non-resident defendants were properly joined with him in the suit.

■■ Whatever may have been the uncertainties of the decisions heretofore, it is now settled by an elaborate and well considered opinion of Judge Smedley in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, that the requirements of the venue statute are met when, upon a controverted plea of privilege, the plaintiff shows a prima facie cause of action against the resident defendant, and a suit in which the other defendants are properly joined. It is not necessary in such case for him to also show a prima facie cause. of action on the merits against the non-resident defendants also. If they are properly joined with the resident defendant so as to avoid a multiplicity of suits, it is their duty to there set up such defenses as would relieve them of liability.

■ The other contention made by appellants, that is, that the plaintiff did not show that the cotton destroyed was upon the truck on which he contracted for insurance, but was upon a trailer attached thereto, was a matter in the nature of a defense upon the merits; and not one governing venue in a suit for breach of contract to furnish plaintiff insurance. On that cause of action we think the plaintiff made a prima facie case of a justiciable controversy against the resident defendant, so as to maintain venue in the county where suit was brought; and that the trial court properly overruled appellants' plea of privilege. The judgment will therefore be affirmed.

Affirmed.