### KIRK v. REYNOLDS.
No. 15296.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 14, 1951.

Rehearing Denied Jan. 11, 1952.

court erred in overruling appellant's plea because it was clearly shown by the evidence adduced that appellee's allegations are fraudulent and therefore cannot be made the basis for sustaining venue as against a nonresident's plea. Appellant's contention was overruled by the Supreme Court in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304, wherein, among other things, it held: "It is true that if upon such hearing evidence were admitted bearing upon the merits of the plaintiff's case against the nonresident defendant, such defendant might be able to prove the plaintiff's suit against him to be wholly unfounded; but such proof is properly made upon a trial on the merits. The statutory provisions as to the defendant's privilege and the plea of privilege were not intended to protect defendants from unfounded suits."

Appellant's second point charges error of the trial court in overruling his plea of privilege because there was insufficient evidence introduced to support such action. It seems that appellant's main contention is that both pleadings and evidence are insufficient to support a cause of action against him based upon principal and agent or upon the existence of a partnership between him and the resident defendant.

Walter Nelson, Jr., and Eugene Sherrod, Jr., both of Wichita Falls, for appellant.

W. E. Fitzgerald, of Wichita Falls, for appellee.

HALL, Chief Justice.

A district court of Wichita County overruled appellant's plea of privilege, hence this appeal consisting of two points.

Appellee Robert W. Reynolds sued appellant T. A. Kirk, a resident of Eastland County, along with a resident of Wichita County, for recovery of money alleged due him, based upon an alleged verbal contract for the drilling of an oil well.

■ Appellant admits in his first point that a cause of action was proven against the resident defendant and that only the pleadings are necessarily resorted to as showing a cause of action against the nonresident defendant in order to hold venue under Exception 4 to Article 1995, R.C.S. Appellant submits, however, that the trial

■ We find appellant to be in error. Appellee plead that both of the defendants owed him the sum of $13,506.50, "* * * because that is the exact amount disclosed by the record of said indebtedness kept by the defendants herein * * * that defendants, and each of them, promised and agreed to pay this plaintiff the sums of money charged therefor in said account specified, * * *. That said account is past due and unpaid, and the defendants, though often requested, have heretofore failed and refused and still fail and refuse to pay the same or any part thereof, * *."

We have read appellee's testimony and it adequately states a cause of action against the resident defendant.

For the reasons stated, the trial court's order overruling appellant's plea of privilege is affirmed.