## MOORE v. RIVAS.

### No. 12655.

Court of Civil Appeals of Texas.
San Antonio.

March 10, 1954.

Rehearing Denied April 7, 1954.

Samuel H. Wilds, Waco, J. Marvin Ericson, Corpus Christi, for appellant.

Harold A. Thomas, Corpus Christi, for appellee.

NORVELL, Justice.

This is an Exception 4 venue case. Article 1995, § 4, Vernon's Ann.Tex.Stats. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. The trial court overruled the plea of privilege of Edward T. Moore, the nonresident defendant. It is conceded that a cause of action was established against Frances L. Martin, the resident defendant, which was properly triable in Nueces County where the suit was filed. The petition alleges that the defendant

Marie Heason (also a resident of Nueces County), as agent for Moore, a resident of Aransas County, delivered Moore's automobile into the custody of Frances L. Martin, knowing that the latter was under the influence of intoxicating liquor and an unfit person to drive such automobile on the public highways of the State of Texas, and that said Frances L. Martin negligently drove said automobile into the vehicle in which plaintiff, Manuel Rivas, was riding, causing severe bodily injuries.

■ The petition states a cause of action against Moore which is so intimately connected with the cause of action against Frances L. Martin that the two may be properly joined under the rule intended to avoid a multiplicity of suits.

■ As the court takes judicial notice of the live pleadings in a case, it was wholly unnecessary for plaintiff to introduce his petition in evidence. McCormick and Ray, Texas Law of Evidence, p. 157, § 97. The introducing of the petition in evidence and the copying of the same in the statement of facts would have been a meaningless and useless gesture, which could have resulted in certain costs being taxed against the plaintiff under the provisions of Rule 377 of the Texas Rules of Civil Procedure.

The order appealed from is affirmed.