Daniel GEVINSON et al., Appellants,

v.

STEPHEN–LEEDOM CARPET CO., Inc., Appellee.

No. 16173.

Court of Civil Appeals of Texas.

Dallas.

May 17, 1963.

Stone, Parker, Snakard, Friedman & Brown and Lawton G. Gambill, Fort Worth, for appellants.

Goldberg & Alexander and B. G. Compton, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an order overruling pleas of privilege of appellants Westchester House, Inc. and Daniel Gevinson,

individually and doing business as Gevinson Equipment Company, who seek to have suit as to them transferred from Dallas County to Tarrant County.

Appellee Stephen-Leedom Carpet Company, Inc., seeks to retain venue in Dallas County under subd. 4 of Art. 1995, Vernon's Ann.Civ.St. One of the defendants is Vaughan Wood, a resident·of Dallas County, who does business under the name of Village Carpets.

■ To maintain venue in Dallas County under subd. 4 it is necessary for appellants (1) to plead and prove a cause of action against Vaughan Wood, the resident of Dallas County; and (2) to plead a cause of action against the non-resident defendants of such nature that it constitutes either a joint cause of action against the resident and non-residents, or an action against the non-residents so intimately connected with the cause of action against the resident defendant that the two causes of action may be joined under the rule intended to avoid a multiplicity of suits. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

We have concluded that appellee has complied with requirement No. (1) as stated above, but that it has failed to comply with requirement No. (2). Consequently the judgment must be reversed as to appellants.

Appellee rests its suit in part on a sworn account of $15,386. covering the sale of carpeting. Appellants assert that appellee's petition cannot be given effect as a sworn account because (1) the affidavit fails to disclose the total amount due; and (2) defendant Vaughan Wood filed a sworn answer denying the indebtedness on the grounds that the carpeting was not fit and suitable for the purposes for which it was manufactured and sold.

■ We believe the sworn account made out a case for appellee against Vaughan Wood. Though the affidavit itself fails to name the amount due, the statement and supporting invoices, which are referred to in the affidavit and are annexed to it, do show the total amount due. Wood's sworn denial was not introduced in evidence and there is no showing that it was brought to the attention of the trial court.

■ But appellee need not rely on the sworn account to make out its case against Wood. In the record there is a purchase order signed by Wood, and stipulations entered into, together with Wood's answers to request for admissions, make it clear that the carpeting in question was sold to Wood and delivered at Wood's order to Westchester House, Inc., and that though Wood thereafter received statements and invoices from appellee he has not paid anything on the indebtedness. No evidence was introduced in support of Wood's pleadings that the carpeting was unfit and unsuited for the purposes for which it was manufactured and sold. Irrespective of appellee's sworn affidavit a case was made out against Wood for merchandise sold, delivered and accepted. The second point on appeal of each appellant is overruled.

Appellant Gevinson and two other persons own the real estate on which Westchester House is located. Westchester House, Inc. is the lessee. The carpeting in question was to be installed, or perhaps has been installed by Wood in Westchester House.

Appellee's cause of action against Gevinson is based on two documents, both dated August 22, 1962. The first is an assignment by Wood to appellee of Wood's claim for debt against Gevinson Equipment Company. The second is an agreement signed by Gevinson as follows:

*"Upon completion of installation of corridor carpet in Westchester House and subject to acceptance of satisfactory installation* I agree to pay to Stephen-Leedom Carpet Company and Village Carpets the contract sum of $19,152.00 by notes to First National Bank of Fort Worth to issue check in

this amount payable to Stephen-Leedom and Village Carpets jointly." (Emphasis ours)

It will be observed that the above document is not an unqualified agreement by Gevinson to pay $19,152, Wood's contract price for installing the carpeting in Westchester House. Gevinson promises to pay "upon completion of installation of corridor carpet" and "subject to acceptance of satisfactory installation." Since appellee bases its cause of action against Gevinson on the quoted instrument it was necessary for appellee in order to plead a cause of action against Gevinson to allege that Wood has fully performed his contract, that is, that Wood had completed installation of the corridor carpeting and the installation has been accepted. Appellee's petition contains no such allegation. For that reason appellee did not plead a cause of action against Gevinson.

 Appellee seeks to fix a mechanic's and materialman's lien against the real property owned by Gevinson and two other persons who were made defendants but did not file pleas of privilege or appeal. We agree with appellants that appellee has not pled grounds which support its claim for liens. There is no basis for a constitutional lien, for it is not alleged that the material or work was done for the owners, or that there was any privity of contract between the owners and Wood, appellee's assignor.

 There is no basis for a statutory lien, for the affidavit for a lien is fatally defective. The affidavit is copied in appellee's petition. It does not contain the phrase "after allowing all just and lawful offsets, payments and credits known to affiant" nor any words of similar import as required by Art. 5456 V.A.C.S. before the Article was amended. The contract between Wood and Gevinson was entered into on June 15, 1961 before the Statute was amended, so the amended Statute cannot control. See Vernon's Texas Session Law Service, 57th Legislature, Vol. 5, p. 871, §§ 11 and 12, and

Lebo v. Dochen, Tex.Civ.App., 310 S.W.2d 715.

 We also point out that since appellee failed to allege a cause of action for debt against Gevinson its claim of a lien must fall. Appellee's pleadings do not allege a valid lien. Appellants' first and third points on appeal are sustained.

The conclusions expressed are only as to venue facts. Before trial on the merits amended pleadings may possibly be filed and additional evidence may possibly be adduced which would support different conclusions in a trial on the merits.

The judgment of the trial court is reversed and remanded with directions to sustain the pleas of privilege of appellants Westchester House, Inc. and Gevinson, individually and doing business as Gevinson Equipment Company and to cause the suit as to said appellants to be transferred to Tarrant County, Texas.