**COOPER PETROLEUM COMPANY,**
Appellant,

v.

**ANDERSON REFINING CORPORATION,**
Appellee.

No. 74.

Court of Civil Appeals of Texas.

Tyler.

July 23, 1964.

Rehearing Denied Sept. 17, 1964.

John A. Croom, Houston, for appellant.

A. D. Henderson, Palestine, for appellee.

SELLERS, Justice.

Anderson Refining Company, plaintiff, brought this suit against Blue Bonnett Petroleum Products, Inc., Boyd E. Carter, Verda L. Carter and Cooper Petroleum Company defendants. All of the defendants, with the exception of Cooper Petroleum Company, reside in Anderson County, Texas. The defendant, Cooper Petroleum Company, has its domicile in Harris County, Texas.

Insofar as this appeal is concerned, the plaintiff's petition sets out two distinct causes of action, the first as follows:

"Plaintiff alleges that during the first part of the year 1962, Plaintiff was engaged in the gasoline refining business and that Defendant, Blue Bonnett Petroleum Products, Inc., was engaged in the wholesale and retail gasoline business in Anderson County, Texas and that on numerous occasions during the time in question, Plaintiff at the special instance and request of Blue Bonnett Petroleum Products, Inc., sold and delivered to Blue Bonnett Petroleum Products, Inc., various quantities of gasoline on various dates totaling the sum of $7,668.24 and in consideration whereof, Defendant, Blue Bonnett Petroleum Products, Inc., promised and became bound and liable to Plaintiff for said amount for which Defendant, Blue Bonnett Petroleum Products, Inc., failed to pay Plaintiff.

"That in August 1962, Defendant, Blue Bonnett Petroleum Products, Inc., executed and delivered to Plaintiff its promissory note in the amount of $7,668.24, a copy of which is attached and marked 'EXHIBIT A' and incorporated herein as though fully copied herein and that said note was delivered to Plaintiff for the purpose of reducing the aforesaid account to writing and for the purpose of inducing Plaintiff to defer and delay legal action upon said account.

"Plaintiff alleges that Blue Bonnett Petroleum Products, Inc., has defaulted in its obligations under said note and that there remains due and owing to Plaintiff by Blue Bonnett Petroleum Products, Inc., the sum of $6,433.77 as of August 1, 1963, and that Defendant, Blue Bonnett Petroleum Products, Inc., fails and refuses to pay the balance of said note to Plaintiff's damage."

The second cause of action is as follows:

"The Defendant, Blue Bonnett Petroleum Products, Inc., executed and delivered to Defendant Cooper Petroleum Company, two Deeds of Trust dated May 17, 1962, one of which was recorded in Vol. 111, page 326 of the Deed of Trust Records of Anderson County, Texas, attempting to give Cooper Petroleum Company a lien upon a service station located at Tennessee Avenue and Lacy Street and a service station located on West Oak Street and a lot and building located at the intersection of State *Highway* #43 and Cottage Avenue, all of which is located in the City of Palestine, to which instrument Plaintiff refers for legal description of said properties, and another Deed of Trust dated May 17, 1962, and recorded in Vol. 24, Page 131 of the Deed of Trust Records of Leon County, Texas, thereby attempting to give Cooper Petroleum Company a lien upon a service station located in Buffalo, Texas, to which record reference is made for legal description of said property and that both Deeds of Trust recite that the same were given to secure a note dated April 15, 1961, executed by Blue Bonnett Petroleum Products, Inc., to Cooper Petroleum Company in the amount of $43,000.00.

"Plaintiff alleges that said Deeds of Trust were executed by Blue Bonnett Petroleum Products, Inc. at a time when said corporation was insolvent and that said instruments attempted

to give Cooper Petroleum Company, a general creditor, preferential treatment in defraud of the other creditors of Blue Bonnett Petroleum Products, Inc. and that said Deeds of Trust were void as being in defraud of this Plaintiff's rights as a creditor and that the subsequent foreclosure of said Deeds of Trust on June 5, 1963, whereby Cooper Petroleum Company was the purchaser of said properties at the foreclosure sale was also void.

"Defendant, Blue Bonnett Petroleum Products, Inc. at such time had and has now, no other property within this state subject to execution, of which any of is then or now existing debts can be satisfied in whole or in part unless the property so fraudulently mortgaged to Cooper Petroleum Company can be reached and applied to the payment of Plaintiff's debt, the same must remain wholly unpaid.

"Plaintiff alleges that said Deeds of Trust attempted to give Cooper Petroleum Company a lien upon all of the assets of Blue Bonnett Petroleum Products, Inc. and was not a transaction in the normal course of said corporation's business and that Boyd E. Carter as President and Verda L. Carter as Secretary did not have the legal authority, expressed or implied to enter into such transaction on behalf of Blue Bonnett Petroleum Products, Inc. and that said Deeds of Trust are void as to this Plaintiff."

The prayer is in keeping with the allegations.

The defendant, Cooper Petroleum Company, filed its plea of privilege to be sued in Harris County, the county of its residence. The plaintiff, Anderson Refining Company, filed a controverting plea to the plea of privilege in which it alleged venue in Anderson County under Section 4 of Article 1995, Texas Venue Statute. After a full hearing on the plea, the trial court overruled defendant Cooper Petroleum Company's plea of privilege to be sued in Harris County, from which ruling this defendant has duly prosecuted this appeal.

The contention of appellant on this appeal is to the effect that the burden was upon appellee to both allege and prove a joint cause of action against the resident defendant, Blue Bonnett Petroleum Products, Inc., and Cooper Petroleum Company, appellant, before venue could be sustained in Anderson County. We overrule this contention. It is undisputed that appellee proved a cause of action on the hearing against the resident defendant, Blue Bonnett Petroleum Products, Inc., on its debt, evidenced by a promissory note. The only other requirement under Section 4 of Article 1995 is that appellee, in his petition, must allege a joint cause of action against Blue Bonnett Petroleum Products, Inc., the resident defendant, and appellant, Cooper Petroleum Company. We are of the opinion that the petition is sufficient in this respect. In this situation, we are required to look to the petition of the appellee to determine whether a joint cause of action is raised but no proof of the joint cause of action is required. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, Supreme Court.

It will be observed that appellee's petition seeks to cancel certain deeds of trust executed by Blue Bonnett Petroleum Products, Inc., to appellant. For this reason, all parties to the instrument sought to be canceled are necessary parties to the suit before the trial court could acquire jurisdiction to grant the relief.

The judgment of the trial court is affirmed.