Peggy J. WOLFE, Appellant,

v.

W. S. WOLFE, Appellee.

No. 4494.

Court of Civil Appeals of Texas, Eastland.

Dec. 10, 1971.

Jack Placke, Simmang & Placke, Giddings, for appellant.

Arthur Mitchell, Mitchell, Gilbert & McLean, Austin, for appellee.

McCLOUD, Chief Justice.

This is a venue case. W. S. Wolfe filed suit in Erath County against Nickles S. Wolfe and Peggy J. Wolfe. The defendants were formerly husband and wife. Plaintiff alleged that the defendants acting jointly and severally by conspiracy and unlawful agreement undertook to and in fact did appropriate and fraudulently convert his commercial business known as Crescent Construction Company. The alleged conspiracy involved the forging of certain documents.

Peggy J. Wolfe filed a plea of privilege seeking to have the suit against her transferred to Lee County, her place of residence. Plaintiff, W. S. Wolfe, filed a controverting plea alleging that venue was proper under Subdivisions 4, 7, and 9, of Article 1995, Vernon's Ann.Civ.St.

The trial court overruled the plea of privilege and Peggy J. Wolfe appeals. We affirm and hold that venue may be maintained in Erath County under Subdivision 4.

■ No findings of fact or conclusions of law were requested or filed. Therefore the judgment of the trial court implies all necessary fact findings in support of the judgment and in seeking to determine whether there is any evidence to support the judgment, and the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to the issue and to disregard that which is opposed to it. Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950).

The venue facts under Subdivision 4 are: (1) one defendant resides in the county of suit; (2) the party asserting his privilege is at least a proper party to the claim against the resident defendant; and (3) the plaintiff has a bona fide claim against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Com.App.1936); McDonald, Texas Civil Practice, Vol. 1, p. 434, Venue, Sec. 4.10.2.

■ Appellant in her first point of error contends the trial court erred because "the record reflects no cause of action against Defendant, Nickles S. Wolfe, a resident of Erath County, Texas". We disagree.

The record contains evidence that Nickles S. Wolfe was a resident of Erath County; that he transferred property belonging to Crescent Construction Company to appellant without the knowledge of appellee; that he forged appellee's name to a document which recited that appellee was no longer connected with or interested in Crescent Construction Company and that appellee had disposed of his interest in such business to appellant Peggy J. Wolfe.

We have considered all of appellant's points of error and all are overruled. The judgment is affirmed.