**FORD MOTOR COMPANY, Appellant,**

v.

**Milton STERN et al., Appellees.**

No. 5609.

Court of Civil Appeals of Texas, Waco.

Oct. 28, 1976.

Rehearing Denied Nov. 26, 1976.

Noley R. Bice, Waco, for appellant.

Douglas R. Bergen, Waco, for appellees.

C. Edward Fowler, Jr., Bailey, Williams, Westfall, Lee & Fowler, Dallas, for Bird Kultgen.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Ford Motor Company from order of the trial court overruling its plea of privilege to be sued in Dallas County, the County of its residence.

Appellees Stern and wife, sued appellant Ford Motor Company and co-defendant Bird Kultgen Inc., in McLennan County, alleging appellees purchased a new Ford Pinto from Bird Kultgen August 30, 1974; that such was manufactured by Ford Motor Company; that seller and manufacturer warranted the automobile reasonably fit, safe, and suitable for use as a motor vehicle; that on February 25, 1975 while Mrs. Stern was driving said car in a careful manner, the automobile's steering failed to function causing Mrs. Stern to hit a tree, resulting in damages. Appellees further alleged the steering defect existed at the time the vehicle was manufactured and/or sold to them; and alternatively that both defendants failed to discover or correct the defective condition which existed in the steering mechanism of the vehicle, which failure was negligence and a proximate cause of plaintiff's damages.

Appellant Ford Motor Company filed its plea of privilege to be sued in Dallas County.

Appellees controverted asserting venue in McLennan County under Subdivisions 4 and 31 of Article 1995 VATS.

After hearing the trial court overruled appellant's plea of privilege.

Appellant appeals on 4 points contending the trial court erred in overruling its plea of privilege because:

1, 2) There is no evidence and/or insufficient evidence to establish an exception to exclusive venue in Dallas County under Section 4, Article 1995.

3, 4) There is no evidence and/or insufficient evidence to establish an exception to exclusive venue in Dallas County under Section 31, Article 1995.

Section 4, Article 1995 provides "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

Under Section 4, the venue facts which must be established are: 1) One defendant resides in the county of suit; 2) The party filing the plea of privilege is a proper party; 3) Plaintiff must plead and prove a cause of action against the resident defendant. *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300.

Defendant Bird Kultgen is a resident of McLennan County, and Ford Motor Company is a proper party.

Appellee pled the vehicle had a steering defect at time of manufacture and/or at time of its delivery to them; and further that both defendants were negligent in failing to discover or correct such defective condition.

The evidence is the vehicle was purchased by appellees new from Bird Kultgen shortly before the accident; that after purchase of the car "the steering was really tight," and "very hard to steer"; and that prior to the accident "the steering was difficult and the car spun to the right prior to any accident"; that after purchase appellees took the vehicle to Bird Kultgen to have the steering checked; and that Bird Kultgen told them they had checked the steering. On the occasion of the accident the evidence is the "car pulled again and the thing wouldn't steer" and "all of a sudden the car pulled to the right. I tried to steer to the left * * nothing worked and the car went over the tree * * *."

We think the trial court authorized to believe and find that a defect existed in the steering mechanism of the vehicle at the time it left Bird Kultgen; and further authorized to believe and find that Bird Kultgen was negligent in not discovering and correcting the steering mechanism of the vehicle.

Thus, a cause of action was pled and proved against Bird Kultgen, the resident defendant, and Section 4 sustains venue in McLennan County, as to appellant.

Appellant's contentions 1 and 2 are overruled.

AFFIRMED.