**Lee MOORE, d/b/a Robo Car Wash Sales and Service, Appellant,**

v.

**CITATION MANUFACTURING COMPANY, Appellee.**

**No. 12749.**

Court of Civil Appeals of Texas, Austin.

May 10, 1978.

John R. Henderson, Meyers, Miller & Middleton, Dallas, for appellant.

C. Robert Dorsett, Austin, for appellee.

O'QUINN, Justice.

Appellant Lee Moore was one of several defendants below and appeals from order of the trial court overruling his plea of privilege to be sued in Dallas County as his county of residence.

Citation Manufacturing Company sued Bill Doyle and wife, Betty Doyle, doing business as Citation of Texas, Mido Chemical & Equipment, Inc., and Lee Moore, doing business as Robo Car Wash Sales and Service, the latter a resident of Dallas County.

Citation Manufacturing pleaded a suit on sworn account against the Doyles and Mido Manufacturing, and alleged that since these defendants provided Moore with the goods sold, Moore was "contractually obligated" to Citation Manufacturing. Plaintiff below also sued all defendants in *quantum meruit.*

In its affidavit controverting Moore's plea of privilege, Citation Manufacturing relied on Subdivision 4 of Article 1995, V.A. C.S., to hold venue in the county of suit, claiming that all defendants except Moore resided in Travis County.

Appellant Moore rests his appeal on three points of error. Under the *first* point Moore contends that Citation Manufacturing, as plaintiff below, failed to prove that one of the defendants resides in the county of suit. Moore also urges, under the *second* and *third* points, that Moore is not a proper party to the suit against the resident defendants, and that Citation Manufacturing failed to prove that the corporation had a *bona fide* claim against the resident defendants.

We will sustain Moore's contention that Citation Manufacturing failed to prove that any one of the defendants is a resident of Travis County, and therefore will not reach the remaining points, since in deciding the *first* point against plaintiff below we dispose of the appeal.

Subdivision 4, as one of the enumerated exceptions under Article 1995, provides in instances of defendants in different counties that "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

Under this exception plaintiff is required to prove by competent evidence that at least one of the defendants resides in the county where suit is brought. *Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300, 1302 (1936). Citation Manufacturing did not meet this burden.

No evidence was offered to show that Mido Chemical and Equipment, Inc. had an address in Travis County or was properly sued in the county.

Counsel for Citation Manufacturing testified, as alleged in the petition, that the Doyles lived at 134 Sailfish in Austin, Texas, but admitted as a witness at the hearing that he learned the address of the Doyles from a third person and had sought to "verify" the information by reading a "criss-cross" directory. Counsel conceded that he had no personal knowledge of the residence or address of the Doyles.

Counsel's personal knowledge was limited to finding the Austin address of Citation of Texas, the name under which it was alleged the Doyles carried on business. Proof of the address of the business, Citation of Texas, was insufficient to establish the residence of the Doyles. *Dixon v. McDonald,* 130 S.W.2d 884 (Tex.Civ.App. Beaumont 1939, no writ). 1 McDonald, *Texas Civil Practice,* sec. 4.03.3 (1965).

Judgment of the trial court overruling appellant's plea of privilege is reversed. Judgment is rendered that the plea of privilege be granted, with instruction that the cause as to Lee Moore be transferred to county court at law of Dallas County.