Stella YOUNG et vir., Appellant,

v.

BAYLOR UNIVERSITY MEDICAL CENTER FOUNDATION, Appellee.

No. 18338.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 30, 1980.

Rehearing Denied Nov. 26, 1980.

Donald L. Prager, Fort Worth, for appellant.

Burford & Ryburn and James H. Holmes, III, Catherine A. Gerhauser, Dallas, for appellee.

## OPINION

MASSEY, Chief Justice.

This is an interlocutory appeal from an order of the District Court of Tarrant County granting defendant Baylor University Medical Center Foundation's plea of privilege.

We reverse and render judgment overruling the plea of privilege.

Stella Young and her husband Richard Young, plaintiffs, sued Baylor University Medical Center Foundation, among others, for an alleged tort arising from the amputation of Stella Young's left leg below the knee at John Peter Smith Hospital, the resident defendant in this case.

Mrs. Young, described in the hospital admissions report as an "obese female diabetic", sought attention for a swollen left foot. Surgery was indicated. Stella Young signed a form, provided by John Peter Smith Hospital and Tarrant County Hospital District, consenting to an operation for "incision and drainage of foot abcess and indicated procedures ... (and) additional operations as they may judge necessary or desirable...."

The doctors who performed the amputation, Shell and Small, were, respectively, first and fourth year surgery residents of Baylor Hospital, a hospital in Dallas, Texas, operated by Baylor University Medical Center of Dallas. The two doctors were in residence at John Peter Smith Hospital pursuant to a program established by agreement of Baylor and John Peter Smith Hospitals.

Apparently Mrs. Young was in no way informed about the possibility of amputation. During the course of the operation the two interns, without supervision from either hospital, reached a "medical decision" that amputation was necessary. Other than the consent form no additional authorization was sought. Mrs. Young's first awareness of the amputation came upon awakening.

The cause originated as a medical malpractice action filed by Stella and Richard Young against Tarrant County Hospital District, the operating agency of John Peter Smith Hospital, and the two doctors, Shell and Small. The Youngs later joined Baylor University Medical Center Foundation (the teaching hospital in which the doctors were enrolled at the time of the amputation) alleging its liability under the theory of respondent superior.

Shell, Small and Baylor University Medical Center Foundation filed pleas of privilege to be sued in the county of their resi-

dence (Dallas County). The trial court denied the pleas of Shell and Small and granted the plea of privilege of Baylor University Medical Center Foundation, ordering the transfer of the case as against it to Dallas County.

The Youngs appealed.

No findings of fact and conclusions of law were filed or requested. Absent findings of fact and conclusions of law this court must affirm the trial court upon any applicable legal basis.

We overrule the third and fourth of the Young's points of error. We sustain their first and second points, and on this basis, order reversal.

Baylor University Medical Center Foundation was a named party to the suit. It will hereafter, for convenience, be termed the Foundation.

In the trial court obvious confusion arose as to the proper governing body of the teaching entity known as Baylor Hospital. The Youngs, under the belief that it was the Foundation, named that organization as defendant. Apparently the governing body is another organization located at the same address bearing the name "Baylor University Medical Center." By our view of the case the foregoing is immaterial.

■ The Youngs alleged that Baylor University Medical Center is an assumed name of the Foundation; under which names, as well as "Baylor Hospital," it engaged in business considered material to this case. We accord importance to the absence of a verified oath executed by the Foundation that it was being sued in the wrong capacity. The absence of such a plea, required by Tex.R.Civ.P. 93, "Certain Pleas to be Verified", effectively forecloses the Foundation from asserting misnomer. Point of error one is sustained, with the claim of misnomer or "wrong defendant sued" resolved against the Foundation for purposes of its plea of privilege. We add that this discussion is without significance for purposes of the plea of privilege. It would not control propriety of affirmance or reversal. There is some doubt as to

whether we should sustain or overrule the point of error one; it makes no difference in our ultimate holding of reversal.

■ Appellant's points of error three and four deal with exceptions 9a and 29a of Tex.Rev.Civ.Stat.Ann. Art. 1995 "Venue", (1964). Exception 9a deals with negligence; allowing venue to be maintained in the county where the act or omission occurred upon sufficient proof of defendant's negligence, plus proof that such amounted to a proximate cause of the event. Exception 29a provides that where there are two or more defendants, all of whom are resident in counties other than that of the suit, and where venue is proper as to one of them under another exception to general venue, then such suit may be maintained in the county of suit against all necessary parties. Under either exception plaintiff must prove a non-resident defendant's negligence, that the negligence amounted to proximate cause, and that the act occurred in the county where venue is sought to be retained.

As applied to the Foundation it is obvious the court, as the fact finder, refused to make the necessary fact findings. Exception 29a would be inapplicable in any event as the residence of defendant John Peter Smith Hospital was in the county of suit, and it is to be applied only when there is no resident defendant.

It is under exception 4, "Defendants in different Counties", raised in the Young's second point of error, that we find that venue should have been sustained. Despite the apparent factual conclusions of the trial court as to the absence of the requisite agency relationship between Small, Shell and Baylor Hospital, or between them and the resident John Peter Smith Hospital, agency is not, as a fact question, material under exception 4.

■ The venue facts under exception 4 are (I) that one defendant reside in the county of the suit; (II) that the party asserting his privilege (the Foundation) be at least a proper party to the claim against the resident defendant; and (III) that the

plaintiff demonstrate a bona fide claim against the resident defendant. McDonald, Texas Civil Practice sec. 4.10.1, p. 434, "Venue", "One Defendant Resident in County of Suit.–II Venue Facts" (1965 Rev.).

■ That the residence of one defendant who is a real party in interest is in the county where the suit was filed must be established by affirmative evidence and cannot be shown from the petition or controverting affidavit alone. The record reveals that the Youngs established the residency of John Peter Smith Hospital to be in Tarrant county.

The requirement that the Foundation be at least a proper party to the Young's suit against such defendant, is resolved by looking to the pleadings. The pleadings must show a cause of action against the non–resident defendant which entangles him (or it, in this case) in the controversy between the plaintiff and the resident defendant. The claims against the resident and non–resident can not be separate and distinct but must be a joint one; "or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits." *Stockyards Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300, 1302 (1936). This has sufficiently been shown by the pleadings.

The third requirement, that the plaintiff prove the elements of a bona fide claim against the resident defendant (here John Peter Smith Hospital), has unquestionably been established by the Young's evidence. Indeed, venue of the Youngs' case against the two non–resident doctors, was retained in the county of suit indicating, for venue purposes, that the Youngs had sustained their burden by proving defendants Shell and Small to have been negligent by a preponderance of the evidence.

We furthermore hold that to have been undisputed proof of an agency relationship between the two doctors and John Peter Smith Hospital. This relationship, coupled with the doctors' negligence while acting within the scope of their agency, established a bona fide claim against the resident defendant, John Peter Smith Hospital. We furthermore hold the undisputed evidence to have established that John Peter Smith Hospital was negligent in any event.

The record reveals that the two defendant doctors worked at John Peter Smith as its paid employees. The Youngs, in the process of seeking medical attention, went to John Peter Smith Hospital. There they met the defendant doctors under circumstances created by the hospital amounting to representation to the public and to them that doctors Shell and Small were its agents.

Restatement of the Law, Agency, sec. 213, (1933), p. 464, "*Third Persons vs. Principal*", "Principal Does not Intend Conduct or Consequences", provides that when an organization conducts an activity through agents it is subject to liability if it permits them to act negligently upon its premises or with its instrumentalities. Here negligence and agency have been established on the part of the doctors, at least for purposes of the Foundation's plea of privilege.

Furthermore, on the matter of independent liability of the resident defendant hospital, is noticed the existence of its non–delegable duty to care for and protect Mrs. Young from the harmful act of its servants or agents (the doctors) by their failure to properly perform. Restatement of the Law, Agency, sec. 214, (1933), p. 471, "*Third Person vs. Principal*", "Failure of Principal to Perform Non–Delegable Duty".

As a matter of law we hold that the Youngs satisfied all the requirements under exception 4 of Tex.Civ.Stat.Ann. Art. 1995 (1964).

The judgment of the trial court is reversed. The plea of privilege of Baylor University Medical Center Foundation is overruled and venue in the case, as to it, is ordered retained in Tarrant County.