

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00106-CV

———————————————————

CANDICE JACKSON, Appellant

V.

KELL AUTO SALES, INC. AND ROBERT I. HARMON, Appellees

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. DC89-CV2020-1237

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker
Concurring Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Candice Jackson appeals from the trial court's order denying her motion to dismiss appellee Kell Auto Sales, Inc.'s breach-of-contract counterclaim under the Texas Citizens Participation Act (the TCPA). Because Kell Auto's counterclaim was not based on or in response to Jackson's right to petition, the TCPA does not apply; thus, we affirm the trial court's denial.

## I. BACKGROUND

On September 4, 2019, Jackson bought a used truck "as is" from Kell Auto. Appellee Robert I. Harmon was the primary salesman that sold the truck to Jackson.[1] Harmon told Jackson that the truck would be taken to Texoma Fleet the next day for an inspection and for any needed repairs. Jackson wanted immediate possession of the truck and stated that she would arrange to have the truck inspected and repaired by Texoma Fleet. But Jackson instead took the truck to Dearmond's Service Center, where the truck failed the inspection. Jackson returned to Kell Auto and asked for the return of her purchase money. Harmon told Jackson that if she would take the truck to Texoma Fleet, the needed repairs would be made at Kell Auto's expense. Jackson made an appointment with Texoma Fleet, but she did not show up for the appointment.

---

[1]Harmon died during this appeal. *See* Tex. R. App. P. 7.1(a)(1).

On June 16, 2020, Jackson sued Kell Auto and Harmon for violations of the Deceptive Trade Practices Act (DTPA) and for fraud; she raised a negligent supervision claim against Kell Auto. Kell Auto and Harmon answered, specially excepted to the petition, and raised affirmative defenses. Jackson then filed a no-evidence motion for summary judgment regarding Kell Auto and Harmon's affirmative defenses. Shortly thereafter, Kell Auto and Harmon amended their answer to additionally seek declaratory relief on Jackson's DTPA claim because she had not given timely written notice of her claim before filing suit. Kell Auto also raised a breach-of-contract counterclaim against Jackson based on her alleged failure to take the truck to Texoma Fleet for inspection and any needed repairs.[2] Kell Auto and Harmon responded to Jackson's summary-judgment motion and attached four affidavits as proof. The trial court denied Jackson's no-evidence motion.

Jackson then moved to dismiss Kell Auto and Harmon's declaratory-relief counterclaim under Rule 91a and to dismiss Kell Auto's breach-of-contract counterclaim under the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a); Tex. R. Civ. P. 91a. Kell Auto and Harmon filed a response to the dismissal motions and moved for summary judgment on Jackson's claims on the basis that she had failed to mitigate her damages. The trial court denied Jackson's "Motion to Dismiss."

---

[2]Jackson repeatedly states that the breach-of-contract counterclaim was alleged by Kell Auto and Harmon. However, only Kell Auto raised the breach-of-contract counterclaim against Jackson.

3

Jackson filed a motion to modify, correct, or reform the order to clarify which motion to dismiss had been ruled on—the motion based on Rule 91a or the motion based on the TCPA. The trial court entered an amended order, specifying that it was denying both Jackson's motion to dismiss Kell Auto's breach-of-contract counterclaim under the TCPA and Jackson's motion to dismiss Kell Auto and Harmon's declaratory-relief counterclaim under Rule 91a. Jackson then noticed her interlocutory appeal of the trial court's TCPA denial. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12).

## II. THE TCPA

### A. REVIEW STANDARDS

A counterdefendant seeking the protection of the TCPA must initially demonstrate that the counterclaim is based on or is in response to the counterdefendant's exercise of the right of free speech, to petition, or of association.[3] *See id.* § 27.005(b). If the TCPA movant does so, the burden shifts to the counterplaintiff-nonmovant to produce clear and specific evidence of a prima facie case for each element of the counterclaim. *See id.* § 27.005(c). If the nonmovant meets its burden, the movant may still be entitled to dismissal if she establishes an affirmative defense or other ground on which she is entitled to judgment as a matter of law. *See id.* § 27.005(d).

---

[3]Because Jackson filed her petition after September 1, 2019, the current version of the TCPA applies. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11.

4

We review the trial court's interpretation of this statutory framework de novo and must consider the pleadings, any evidence that a court could consider on summary judgment, and any submitted affidavits stating the facts on which liability or a defense is based. *See id.* § 27.006(a); *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). However, Kell Auto's pleadings are "the best and all-sufficient" evidence of the nature of its counterclaim against Jackson. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (quoting *Stockyards Nat'l Bank v. Maples*, 95 S.W.2d 1300, 1302 (Tex. [Comm'n Op.] 1936)).

## B. First Inquiry: Based on or in Response to the Right to Petition

On appeal, Jackson asserts she initially demonstrated that Kell Auto's counterclaim was based on her exercising the right to petition. The TCPA defines the right to petition as a communication "in or pertaining to a judicial proceeding." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(4)(A)(i). A communication is defined as "the making or submitting of a statement or document." *Id.* § 27.001(1). Jackson contends that Kell Auto's counterclaim was retaliatory to prevent her from seeking relief from the court for Kell Auto's fraud, DTPA violations, and negligent supervision. Jackson posits that Kell Auto's retaliatory motive is shown by the fact that it raised the breach-of-contract counterclaim at the end of discovery and shortly

5

after Jackson had filed a summary-judgment motion directed to Kell Auto and Harmon's affirmative defenses.[4]

Kell Auto alleged that a condition of its immediate-possession sale to Jackson was the requirement that Jackson take the truck to Texoma Fleet for inspection and any needed repairs. Because Jackson failed to do so, Kell Auto contended that she had breached the purchase contract, resulting in damages and attorney's fees. Kell Auto did not mention Jackson's claims against it in its statement of the counterclaim. Kell Auto's factual allegations were solely concerned with communications occurring before, outside of, and unrelated to Jackson's later claims against Kell Auto; thus, Jackson did not demonstrate that Kell Auto's counterclaim was based on or related to her right to petition for redress. *See Howard v. Matterhorn Energy, LLC*, 628 S.W.3d 319, 330 (Tex. App.—Texarkana 2021, no pet.) (op. on reh'g); *Republic Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, 618 S.W.3d 118, 124–25 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Marrujo v. Wisenbaker Builder Servs., Inc.*, No. 01-19-00056-CV, 2020 WL 7062318, at *9 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, no pet.) (mem. op.); *cf. Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137 (Tex. 2019) (concluding counterclaim alleging plaintiff had breached lease by commencing litigation was in response to plaintiff's exercise of the right to petition

---

[4]Jackson also argues that the improper motive is shown by Kell Auto's failure to request damages in its counterclaim. However, Kell Auto clearly pleaded for damages: "Jackson[']s breach of contract has caused damages to Kell Auto in excess of the minimum jurisdictional amounts of this Court."

and was subject to TCPA dismissal).  In other words, Kell Auto's counterclaim was not directed to Jackson's right to file a meritorious lawsuit for demonstrable injury and, thus, falls outside the purpose of the TCPA protection.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.002.  Jackson's contention that the timing of Kell Auto's counterclaim demonstrates that it was based on or in response to her suit is too speculative to disturb our conclusion.  *See Beving v. Beadles*, 563 S.W.3d 399, 408–09 (Tex. App.—Fort Worth 2018, pet. denied); *cf. Youngblood v. Zaccaria*, 608 S.W.3d 134, 141 (Tex. App.—San Antonio 2020, pet. denied) ("To conclude under this record that the declaratory action was filed in response to statements made during the mediation would expand the TCPA's application to all lawsuits where the parties engage in a pre-suit mediation.").  We need not address the remaining steps of the TCPA analysis.

### III.  CONCLUSION

Jackson did not demonstrate that Kell Auto's breach-of-contract counterclaim was based on or in response to her right to petition the courts for Kell Auto's alleged fraud, DTPA violations, and negligent supervision.  Thus, the trial court did not err by denying Jackson's motion to dismiss.  We overrule Jackson's appellate issue and affirm the trial court's amended order denying Jackson's motion to dismiss Kell Auto's breach-of-contract counterclaim under the TCPA.  *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  November 18, 2021