BUD DARNELL v. THE STATE.

No. 2190. Decided May 29, 1901.

Motion for Rehearing Decided June 22, 1901.

**1.—Theft of Cattle—Charge of Court—"Fair Claim or Color of Title."**

On a trial for theft of one head of cattle alleged to be the property of an unknown owner, where the defense was that the animal belonged to defendant's father, and that defendant took it at the instance and request of and believing that it belonged to his father; and the court charged the jury, "If you believe from the testimony that the property described in the indictment was the property of F. L. Darnell, defendant's father, or that defendant took the one head of cattle described in the indictment under a fair claim or color of title, you will acquit the defendant." Held, the charge was erroneous, in that it restricted the defense to a superior title in the father, or to a fair claim or color of title, whereas the well established rule is that notwithstanding the superior title may be in the prosecutor, yet, if the taking by defendant was under a claim of title or under the honest belief that he had authority to take the animal, it would be a good defense.

**2.—Same—Charge of Court.**

If a person accused of taking property can show that he honestly believed that it was his or that he had authority to take the particular property from its owner or the person whom he believes was its owner, his defense is complete, and it should be submitted to the jury in this mode so that they may determine the fraudulency of the taking on the one hand or the honest mistake, under an honest belief on the other. There need be no title at all in such case, it is only necessary that there be an honest claim of right.

ON MOTION FOR REHEARING.

**3.—Theft of Cattle—Issue as to Title—Charge of Court.**

On a trial for theft of cattle, if the issue made by the defense is that defendant had a title to the same and that was the only issue, then indeed the charge of the court might be restricted to such issue. Not so, however, where defendant's defense was that he honestly believed that the animal was his father's, in which case the court should instruct the jury that, although they might believe the title was in the prosecutor, still if they believed defendant honestly believed, at the time he took it, that it was his father's, or if they entertained a reasonable doubt on that subject, they should acquit. Distinguishing Ledbetter v. State, 35 Texas Criminal Reports, 195.

Appeal from the District Court of Clay. Tried below before Hon. A. H. Carrigan.

Appeal from a conviction of theft of one head of cattle; penalty, two years imprisonment in the penitentiary.

*Barrett & Barrett* and *Allen & Wantland,* for appellant.

*R. E. Taylor,* District Attorney, and *Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft of cattle, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

Appellant assigned a number of errors, but in the view we take of the case it is only necessary to discuss one. The indictment alleged appellant committed the theft of one head of cattle, the property of an unknown owner. The evidence on the part of the State showed that said animal was a stray, and was well known in that community as a stray. Appellant claimed that the steer belonged to his father; that a year or two previously, when a calf, he had bought it, with some forty or fifty head of cattle, from certain parties in Jack County; that the steer had gotten away and had been gone some time; that a short time before the alleged theft the steer was found, and appellant, under the instructions of his father, drove said steer up, and they carried it to the Indian Territory, the theory being that the steer in question was the property of his father, or at any rate he took him in possession believing it was his father's steer. On this defense the court charged the jury as follows: "If you believe from the testimony that the property described in the indictment was the property of F. L. Darnell, the defendant's father, or that defendant took the one cattle as described in the indictment under a fair claim or color of title, for his father, F. L. Darnell, then, in either event, you will acquit defendant." Appellant objected to this instruction, and requested the following charge: "If the evidence fails to show that defendant believed the property at the time of taking was not the property of F. L. Darnell, you will find defendant not guilty." The charge on this subject given by the court restricted appellant's defense to a superior title on the part of his father,

or a fair claim or color of title. Of course, it will not be seriously insisted that the question of appellant's guilt should be made to depend on whether or not the title to the animal was in appellant's father. All the authorities hold that, notwithstanding the superior title may be in the prosecutor, still, if the property was taken under a claim of title, and the party so taking honestly believed that he had authority to take the animal in question, it will be a good defense. See White's Ann. Penal Code, sec. 1505, subdiv. 4, and authorities there cited. However, it is contended that the instruction given by the court to the effect that, if appellant took the animal under a fair claim or color of title on behalf of his father, this would be tantamount to an instruction predicated on honest belief on the part of appellant that the animal was his father's. We are not informed by the court what he means by "fair claim or color of title," but these terms appear to be treated by the court as synonymous. A fair claim might accord with an honest claim, or it might not. It might be fair on its face, but still be fraudulent. What is meant by "color of title," as to personal property, is not defined. With reference to real estate, under the statute of limitations, the courts have met with some difficulty in construing the statute on the subject. The statute, in defining "color of title," defines it as a "consecutive chain of transfer down to the person in posssession, without being regular, as if one or more of the memorials or muniments be not registered, or not duly registered, or be only in writing, or such like defect as may not extend to or include the want of intrinsic fairness and honesty," etc. Rev. Civ. Stats., art. 3341. If this definition is applied, of course, we are met with difficulty, because a party may honestly claim title to an animal, believing it is his own, when he has no title whatever to it. He is simply mistaken as to the identity of the animal in question. We know of no better rule on the subject than that which has heretofore been laid down by this court,—that is, if a person accused of taking property can show that he honestly believed it was his, or that he had authority to take the particular property from its owner, or the person whom he believed was its owner, then his defense is complete; and it should be submitted to the jury in this mode, in order that they may determine the fraudulency of the taking, on the one hand, or the honest mistake under an honest belief, on the other. And a charge that bases a defense of this character on title, or a fair claim of title, or color of title, is tantamount to telling the jury that there must be some sort of title on the part of the taker to the property, whereas in fact there need be no title at all. It is only necessary that there be an honest claim of right; that is, the party must reasonably believe that the property is his, or that he has authority from the owner to take such property. It follows, therefore, that the charge given by the court was erroneous, and that the charge requested, or some such charge, should have been given. For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

. HENDERSON, JUDGE.—At a former day of this term this case was reversed and remanded. The State strongly insists that we were in error in holding that the court's charge on appellant's claim of right was too restrictive, and cites us to a number of cases which, it is insisted, support the State's contention that in the cases cited a similar charge, or one still more restrictive, has been approved by this court; and our attention is especially called to the case of Ledbetter v. State, 35 Texas Criminal Reports, 195. In that case the charge predicated on the defense of a real claim of right or title was approved. Every case is more or less sui generis, and it is only necessary for the court to charge in each case upon the particular issue presented. Where the issue, as in the case cited, is simply one of title,—the State contending that he had no real claim of title, and appellant contending that he did have a real claim of title,—the charge might be restricted to this issue. But where, as in this case, the testimony would seem to suggest that the title was in the prosecutor, and appellant's defense consisted in a claim or title to the animal in question, and as to his bona fide belief that the animal in question was his father's and that he had a right to take it, the court should go further, and instruct the jury that, although they might believe the title to the animal in question was in the prosecutor, still if they believed that appellant honestly believed at the time he so took the animal that it was his father's, or if they had a reasonable doubt on that subject, they would acquit him. We understand that Kay v. State, 40 Texas, 29, and other cases cited by State's counsel, announce this doctrine. In all thefts the taking must be a fraudulent taking, and if there is a question of title or a claim of title, which is not fabricated, the taking would amount to a mere trespass. We understand the rule laid down by the authorities on this subject to be as follows: That it must be proved (1) that the property taken did not belong to the accused; (2) that he did not believe it to be his own when he took it; (3) that it was fraudulently taken. Johnson v. State, 41 Texas, 608. So that if, in any given case, the person taking reasonably believes that the property is his, or that he has authority from the owner to take it (that is, if the proof shows that he took it honestly believing he had a right to do so), he is entitled to be acquitted, although he should be mistaken, and he in fact had no real claim to the property in question. And where the proof presents the issues of honesty or good faith in the taking, although it may appear to the judge trying the case to be incredible or unreasonable, still he should give a proper charge to the jury on the subject, so as to permit them to pass upon the issue. And in this case we do not think it was sufficient, under the proof, for the court to restrict the jury to a fair claim of title or a color of title, as we discussed in the original opinion, as such a charge did not cover the exact issue. We would not be understood as questioning the principle that, where property is taken under a claim of right, if the prisoner appears to have had any fair

color of title, or if the title of the prosecutor be brought into doubt at all, it will be the duty of the court to direct an acquittal, such a case involving a mere trespass. Harris v. State, 17 Texas Crim. App., 177. This is not at war, but in consonance with, the further proposition, that if property is taken under an honest belief that he has a right to take it, he has a right to a charge on that subject, though in fact he does not have any fair title or color of title to the property. He may be mistaken as to the identity of the animal in question, or he may be mistaken as to the validity of the title claimed by him. The motion for rehearing is overruled.

*Motion overruled.*