## G. W. BURNAMAN V. THE STATE.

No. 18220.   Delivered May 20, 1936.

The opinion states the case.

*J. R. Anderson,* of Center, and *Minton & Minton,* of Hemphill, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for four years.

Roce Jenkins, the prosecuting witness, had been a tenant on appellant's farm since 1933.   In October, 1934, he paid appellant what he owed him, except an amount due for mules and farm implements.   At the time of this settlement appellant was not aware that the witness was preparing to move from his farm.   Later, Jenkins advised him that he was preparing to move.   Jenkins had approximately eighty bushels of corn, and other farm products on appellant's premises. He testified that when he was preparing to leave, appellant told him not to move said property or he would have the officers interfere.   He testified further that he turnd back to appellant the mules and farm implements he had bought from him.   He said that he left his corn and other farm products on appellant's place because he was afraid to move same, in view of appellant's threat to call the officers.   He never returned to the farm, but several months after he had moved, he was in need of money and brought suit against appellant in the county court to recover his property or its value.   After said suit had been instituted the indictment herein was returned against appellant.   At the time of the trial and conviction herein, the civil suit had not been tried.

Testifying in his own behalf, appellant denied that he had threatened to call the officers if Jenkins moved the property. It was his version that the mules were poor at the time they were returned to him and that the farm implements were not in as good condition as they were when he sold them to Jenkins. He testified that Jenkins agreed to deliver the corn and other products to him in settlement of the balance he owed him for the mules and farm implements. In short, his testimony was to the effect that Jenkins was paying him the difference between the present depreciated value of said property and the value thereof at the time he had sold it to Jenkins.

A witness who had testified for appellant to the effect that he was present when Jenkins agreed to deliver the property to appellant, upon being recalled by the State, testified that he had not been present and that appellant had induced him to give said false testimony. Another witness testified that appellant had sought to have him testify that he was present and witnessed the transaction between appellant and Jenkins. The witness said he was not present.

At the request of appellant, the court instructed the jury as follows:

"You are charged that where property has been taken under claim of right, if the accused appears to have had any fair color of title, or if the title of the prosecutor be brought into doubt at all, the taking of such property would not constitute theft. In this connection, if you find from the evidence that the defendant took the property described in the indictment, but you further find that he appears to have had any fair color of title or if you have a doubt of the title of Roce Jenkins to said property at the time of said taking, if any, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

In addition to the foregoing instruction, appellant timely and properly sought to have the court instruct the jury, in substance, to acquit him if they entertained a reasonable doubt as to whether he believed said property belonged to him, and that he had a right to the possession thereof. We think such an instruction should have been given. If appellant had no title or color of title to the property and yet reasonably believed that he had the right to take it he would not be guilty. In Darnell v. State, 43 Texas Crim. Rep., 86, the court said:

"In all thefts the taking must be a fraudulent taking, and if there is a question of title or a claim of title, which is not fabricated, the taking would amount to a mere trespass. We

understand the rule laid down by the authorities on this subject to be as follows: That it must be proved (1) that the property taken did not belong to the accused; (2) that he did not believe it to be his own when he took it; (3) that it was fraudulently taken. Johnson v. State, 41 Texas, 608. So that if, in any given case, the person taking reasonably believes that the property is his, or that he has authority from the owner to take it (that is, if the proof shows that he took it honestly believing he had a right to do so), he is entitled to be acquitted, although he should be mistaken, and he in fact had no real claim to the property in question. And where the proof presents the issues of honesty or good faith in the taking, although it may appear to the judge trying the case to be incredible or unreasonable, still he should give a proper charge to the jury on the subject, so as to permit them to pass upon the issue. And in this case we do not think it was sufficient, under the proof, for the court to restrict the jury to a fair claim of title or color of title, as we discussed in the original opinion, as such a charge did not cover the exact issue. We would not be understood as questioning the principle that, where property is taken under a claim of right if the prisoner appears to have had any fair color of title, or if the title of the prosecutor be brought into doubt at all, it will be the duty of the court to direct an acquittal; such a case involving a mere trespass. Harris v. State, 17 Texas App., 177. This is not at war, but in consonance, with the further proposition that, if property is taken under an honest belief that he has a right to take it, he has a right to a charge on that subject, though in fact he does not have any fair title or color of title to the property."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.