**HARBENITO REALTY CORPORATION,**
Appellant,

v.

**Homer AVILA et al., Appellee.**

No. 185.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 31, 1966.

Rehearing Denied Sept. 29, 1966.

Jackson Littleton, of Kelley, Looney, Mc-Lean & Littleton, Edinburg, for appellant.

W. E. Allen, Asst. Atty. Gen., Austin, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from an order of the district court of Hidalgo County, Texas, sustaining the pleas of privilege filed by appellees and transferring the case to Travis County, Texas. Trial was to the court without a jury. Findings of facts and conclusions of law were not requested nor filed.

Harbenito Realty Corporation, appellant, brought this action against Robert S. Calvert who is a resident of Travis County, and Comptroller of Accounts of the State of Texas, and Homer Avila, who is a resident of Hidalgo County, and the District Compliance Supervisor for the Comptroller over the Counties of Hidalgo, Cameron, Willacy

and Starr, for declaratory judgment that the proceeds of certain lease transactions between appellant and two other affiliated corporations are not subject to taxes imposed by the Texas Limited Sales, Excise, and Use Tax Act, (Chapter 20, Title 122A, Taxation-General, Vernon's Ann.Tex.Civ. St., and particularly under Article 20.01(K) (1) thereof), sometimes hereafter referred to as "The Act."

Each defendant filed a separate plea of privilege praying that the case be transferred to Travis County, Texas. These pleas were duly controverted by appellant, placing reliance upon Subdivision 4 of Article 1995, V.A.C.S. For the purpose of determining venue the parties entered into written stipulations covering the material facts and some of the issues. At the hearing of the pleas the stipulation was supplemented by the testimony of several witnesses and certain exhibits. The material facts are undisputed.

By two points of error, appellant contends that the trial court erred in transferring venue from Hidalgo to Travis County (1) as to Avila, because the suit was filed in the county of his residence, and (2) as to Calvert, that although a non-resident of Hidalgo County, he was properly joined in the declaratory judgment action against both appellees. By counterpoints one and two, appellees contend that the trial court properly transferred venue as to each of them, and by counterpoint three, that appellant's suit is one against the State of Texas which cannot be maintained against it without Legislative permission to sue.

We have concluded that the judgment of the trial court should be affirmed.

Paragraphs (4) and (6) of the stipulations provide as follows:

"(4) It is agreed and stipulated that the question of the applicability of the sales, excise and use tax act (as cited and described in Paragraph IV of the Plaintiff's Original Petition) to the transactions evidenced by the leases under the facts alleged constitutes a justiciable controversy in the said cause; but the parties do not here stipulate in any way as to the parties to the action being proper or necessary or as to the action being properly brought by the Plaintiff against either or both of the Defendants.

"(6) It is further agreed and stipulated for the purpose of hearing on venue, and for that purpose only, that facts and circumstances giving rise to the present suit are briefly as follows: On August 18, 1964, Messrs. Hollis McWhorter and Gregory Garcia, auditors of the office of the Comptroller of Public Accounts from the San Antonio Regional office of the Comptroller of Public Accounts, went to the office of the Plaintiff in Harlingen, Texas requesting records for the purpose of making an audit regarding the determination of use tax on the purchase of equipment and parts from outside of the State of Texas and was told by a Mr. Harbin of the Plaintiff's office that the records would be made available; but the time was inconvenient; thereafter and on August 31, 1964 the said auditors returned and the records were made available; during the inspection of the records by the said auditors further records were requested in connection with the rental of equipment from the Harbenito Realty Corporation to the other corporations mentioned in the Plaintiff's Petition and the auditors were advised that they would have to see the attorney for the Plaintiff and its affiliated corporations; thereupon the said auditors contacted Mr. Homer Avila, of Donna, Texas, District Supervisor of the Comptroller of Public Accounts for the Counties of Hidalgo, Willacy, Cameron and Starr, and the said Mr. Avila contacted J. C. Looney of Kelley, Looney, McLean & Littleton of Edinburg, Texas, the attorneys for the Plaintiff and its affiliated corporations; thereafter the said auditors, McWhorter and Garcia and the said District Supervisor, Avila, went to the office of J. C. Looney and the auditors reported the circumstances and

discussed the matter with him; the attorneys took the position that they wanted time to check into the matter and look into the law and the said attorneys thereafter advised the office of the Comptroller of Public Accounts at Austin, Texas that the records would not be made available, and in the opinion of the said attorneys the companies were not liable for a sales or use tax and that the company did not desire to make its confidential records available for the purposes requested. During the period of between about August 31, 1964 and November of 1964 the only contacts of the District Supervisor, Homer Avila with the said attorneys in connection with the requests theretofore made by the auditors were inquiries made by Hiester of the said firm of attorneys in connection with certain provisions and rules of the limited sales, excise and use tax act. The facts recited in this stipulation cover all of the contacts that the said Supervisor, Homer Avila has had with the matters involved in this suit so far."

▓ In order to maintain venue in Hidalgo County under subdivision 4 of Article 1995, V.A.C.S., appellant was required to plead and prove that it had a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits; and it was essential that appellant plead and prove that it had in fact a cause of action against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936).

The relief sought by appellant in this suit is a declaration that the proceeds of certain lease transactions are not subject to the Texas Sales or Use Tax under Article 20.01(K)(1) of the Texas Limited Sales, Excise and Use Tax Act (Chapter 20, Title 122A, Taxation-General, V.A.C.S.) which Act is administered by the State Comptroller under specific provisions. See Articles 20.15, 20.11, Subdivisions (A), (B) and (D) of the Act. The issue made by the pleadings does not relate to the right of the Comptroller to audit or examine the appellant's records which are now before the court; but, rather is, whether appellant is liable for taxes under the Act based upon the transactions in question.

The evidence on the hearing of the pleas of privilege below developed the background facts which gave rise to the instant controversy, but failed to establish the essential facts necessary to sustain venue in Hidalgo County, Texas.

The record shows that Avila cannot determine appellant's tax liability. He is a mere employee without that authority. He did not know of the proposed audit or examination of appellant's records until advised of it by other employees of the Comptroller over whom he did not have control or supervision. Avila testified that his contacts with counsel for appellant were as an accommodation to members of the Comptroller's field operations, and the trial court could have so found. Although counsel for appellant directed a letter to Avila concerning its claim for non-liability under the Act, Avila testified that he did not have authority to answer it, and referred it to Mr. Donald M. Bishop, who is staff attorney, Chief House Counsel and Director of the Hearings Division for the Comptroller at Austin, Texas. Mr. Bishop is also in control of the instant suit for the Comptroller. There is presently no question of tax enforcement, compliance or collection on the part of Avila in this case.

It is further shown that the Comptroller has not made a determination concerning the tax liability of appellant under the Act. In his brief, the Comptroller takes the position that until the audit is completed he will not make claim for any tax, and, at that time it may appear to the Comptroller's satisfaction that no tax is due.

Since the parties have stipulated that there is a justiciable controversy concern-

ing the applicability of the Act to the transactions evidenced by the leases under the facts alleged, it appears that because of this suit the determination of appellant's tax liability is now vested in the courts. Of course, the Comptroller may be expected to make his position known in this declaratory judgment suit, to the effect that there is or is not tax liability on some or all of the items in question. But the issues properly presented in the case will be for declaration by the court, which may agree or disagree with the Comptroller's position.

■ It thus appears that the real justiciable controversy established in this case is between appellant and the Comptroller, not Avila. The fact that Avila made a request or demand that other employees of the Comptroller be permitted to examine appellant's records is not sufficient to establish a justiciable controversy between appellant and Avila for the declaratory judgment now sought by appellant for the determination of its tax liability. Avila is neither a necessary nor proper party to the suit. Since a cause of action was not established against the resident defendant, appellant cannot maintain venue of the case in Hidalgo County under Subdivision 4 of Art. 1995, V.A.C.S., as against the asserted pleas of privilege.

Appellant's position in the trial court and here is that the suit is brought against the Comptroller and Avila only as individuals, and not in their official capacities, on the theory that they are acting or threatening to act without legal authority, placing principal reliance upon the case of Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L. R. 837 (1945), affirming 185 S.W.2d 133 (Tex.Civ.App., 1945). Even if we accept the premise that the suit is only against appel-

lees individually, still it appears that there is no real justiciable controversy as between appellant and Avila. His conduct was limited to an attempt to secure examination of appellant's records. He has not and cannot determine appellant's tax liability. In the present posture of this case, where appellant's tax liability (which is now the real issue) has not been determined either by the Comptroller or the court, we cannot say for venue purposes that Avila's conduct was without legal authority or gives rise to a cause of action against him individually in favor of appellant.

As to the Comptroller, when the case is tried on the merits, if it appears that he has acted without legal authority in determining appellant's tax liability on the transaction in question so that it may be said that he is acting as an individual, the court may so declare. Cobb v. Harrington, supra. However, the venue of the case against Calvert as an individual would still be in Travis County, the County of his residence, in the absence of a justiciable controversy with Avila, as before discussed.

With reference to appellees' counterpoint three, asserting that this is a suit against the State of Texas without its consent, we are of the opinion that this is a question we are not required to determine on this appeal concerning venue. Appellees, subject to their pleas of privilege, also filed pleas to the jurisdiction in the trial court upon such basis, but the same were not acted upon. In any event we cannot decide the questions raised by the pleas to the jurisdiction upon the present record. Such determination will be for the trial court upon further proceedings herein.

The judgment of the trial court is affirmed.