**OXFORD DEVELOPMENT CO., Inc., Vicente V. Garza and Gail E. Cooper, Appellants,**

v.

**Paul G. EPPES, Appellee.**

**No. 364.**

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 7, 1967.

Philip I. Palmer, Palmer, Palmer & Burke, Dallas, for appellants.

Faires P. Wade, of Wade & Howard, Corpus Christi, for appellee.

## OPINION

NYE, Justice.

This is a venue action under sub-section 4 of article 1995, Vernon's Ann.Civ.St. Plaintiff, an architect brought suit against Loyal Stotler, d/b/a Stotler Construction Company of Hidalgo County, Texas and Oxford Development Co., Inc., Vicente Garza, Jr. and Gail Cooper, residents of Webb County, Texas for services performed. The venue phase of the case was tried before the court without the intervention of a jury resulting in the overruling of the non-resident defendants' pleas of privilege. The appellants allege in one point that the trial court erred in overruling their plea of privilege for the reason that the evidence fails to establish a bona fide claim against the resident defendant Stotler.

It is a familiar rule of law that in order to maintain venue under sub-section 4, article 1995, V.A.C.S., where there are resident and non-resident defendants, the plaintiff in order to establish his right to maintain venue must: 1) allege a joint cause of action against the defendants or a cause of action against the resident defendant so intimately connected with the cause of action against the non-resident defendants that the two may be joined under the rule intended to avoid a multiplicity of suits; and 2) prove that one defendant resides in the county where the suit is filed, and that he has a cause of action against such resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex.

633, 95 S.W.2d 1300 (1936, opinion adopted by Supreme Court); Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956); Harbenito Realty Corporation v. Avila, 406 S.W.2d 523 (Tex.Civ.App.—Corpus Christi 1966).

The plaintiff's pleadings are sufficient to constitute a proper joinder of causes of action against all of the defendants resident and non-resident. It is uncontradicted that defendant Stotler lives in Hidalgo County, Texas. The question then, according to the appellant, is whether or not the plaintiff established a prima facie cause of action against the resident defendant Stotler.

In plaintiff-appellee's counterpoint he brings to the attention of this Court that no findings of fact or conclusions of law were requested or filed. Accordingly, the judgment of the trial court implies with it all necessary fact findings in support of such judgment. In seeking to determine whether there is any evidence to support the same, and the implied findings of fact incident thereto, it is proper for us to consider only that evidence most favorable to the issue and to disregard entirely that which opposes it. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1950).

Plaintiff alleged that the original agreement with defendant Stotler was that he would be paid $5,000.00 upon delivery of the builder's plans and the remaining $5,000.00 when the defendant Stotler obtained a construction contract. At a later meeting the agreement was expanded to include an additional building and arrangments to pay for the hiring of a structural engineer with a total fee to be $23,000.00. Plaintiff alleged that in a second letter agreement, it was acknowledged and agreed that he had been paid $10,000.00 and that there was a balance of $13,000.00 due and payable when the owner (appellants) obtained the construction loan for the project. Plaintiff alleged in his amended petition that there was in existence an additional subsequent

third party written agreement between the defendant Stotler and appellants relative to the defendant Stotler delivering over to the appellants the building plans which were prepared by the plaintiff so that bids could be taken on the entire project. Plaintiff alleged that this subsequent third-party agreement between the appellants and the defendant Stotler was to the effect that the appellants agreed to pay defendant Stotler the amount due to the plaintiff for the plans for the building. Plaintiff served notice on all parties defendant to furnish such third-party agreement, preparatory to the introduction of secondary evidence of same.

Upon the trial of the case only the plaintiff testified. The substance of plaintiff's testimony was that the second letter agreement between plaintiff and defendant Stotler was not intended to incorporate all the terms of the plaintiffs' agreement with defendant Stotler. Plaintiff testified that he needed the second letter agreement to take to his banker to show that he was getting compensation for his work. Plaintiff then testified that he and defendant Stotler subsequently modified this letter agreement to the extent that the prepared plans were to be delivered to the defendant Stotler for the purpose of obtaining bids from various sub-contractors and that these plans were not to be delivered to the appellants or anyone else without defendant Stotler getting paid for them. That the plans were delivered by plaintiff to defendant Stotler and from Stotler to the appellants. Defendant Stotler did not pay the plaintiff the balance due ($13,000.00), although he agreed to protect the plaintiff on his fee arrangement by their subsequent oral agreement.

■ Appellants contend that the second written letter agreement clearly evidences the contract between the parties and that since the contract provided that the balance due the plaintiff ($13,000.00) was to be paid when the construction loan for the project had been obtained and the appellants had entered into a construction contract with Stotler Construction Co. and since plaintiff did not prove that these conditions had taken place, the amount is not due and owing and therefore the plaintiff failed to prove a cause of action against defendant Stotler, the resident defendant. Appellants further contend that any testimony concerning any subsequent agreement between the plaintiff and defendant Stotler violates the parol evidence rule. The underlying theory of the parol evidence rule is that the reduction of an agreement to a final written form supersedes prior and contemporaneous outside expressions of the parties, but there is nothing contained in such rule which prevents the written transactions from being later modified by the parties by a new agreement even though it might be oral. Garcia v. Karam, 154 Tex. 240, 276 S.W.2d 255 (Tex.Sup.1955); McCormick & Ray, Evidence, § 1671.

■ Plaintiff testified as to the third party beneficiary contract to which the appellants, as well as the resident defendant Stotler were parties. Plaintiff testified in effect that Stotler agreed not to release the plans to anyone without payment. He further testified on cross examination that defendant Gail Cooper and defendant Loyal Stotler told him that Stotler had a signed contract with the Oxford Development Company which provided that Stotler would be paid for the plans. The context of the evidence shows that the plaintiff was testifying about the plans that he had drawn under his agreement with the parties and that payment to Stotler would be made by Oxford Development Company. The substance of this subsequent oral agreement was not denied by Stotler or any of the appellants. We hold that this testimony of plaintiff, combined with other facts in evidence, is sufficient to establish a cause of action against the resident defendant Stotler. Appellants' point is overruled.

Judgment of the trial court is affirmed.