B. L. COLLINS, Appellant,

v.

**FORD MOTOR CREDIT COMPANY et al.,**
Appellee.

No. 7137.

Court of Civil Appeals of Texas,
Beaumont.

April 30, 1970.

Motion for Rehearing Overruled
May 28, 1970.

Clark Anderson, B. L. Collins, Lufkin, for appellant.

Baker, Botts, Shepherd & Coates, Houston, Martin Dies, Jr., Lufkin, for appellee.

PARKER, Chief Justice.

The trial court sustained a plea of privilege of Ford Motor Credit Company (hereinafter called "Ford") to be sued in Dallas County, Texas. B. L. Collins (hereinafter called appellant or "Collins") sued Ford and Lufkin Motors, Inc., alleging:

That Collins was a resident of Angelina County, Texas; that Lufkin Motors, Inc. and Ford were each corporations, with Ford having an agency in Lufkin, Angelina County, Texas, and Lufkin Motors, Inc. having its principal office in such city; that Lufkin Motors, Inc. was engaged in the sale and distribution of Mercury automobiles. That on April 1, 1965, he had bought an automobile from Lufkin Motors, Inc. for cash and a $2,497.80 note payable in 36 monthly installments, plus interest and insurance, the payment of which was secured by chattel mortgage on the vehicle, in favor of Ford and Lufkin Motors, Inc.; that he had paid all of the sums due thereon prior to January 20, 1967, at the office of the Lufkin dealer, but that on January 16, 1967, the defendants, through their agents, without the knowledge and consent of Collins and by the use of force, took from the possession of Collins the automobile under circumstances such as to

constitute a theft thereof. Collins sought a judgment cancelling the lien upon the theory that he had made all the payments due upon the note and mortgage; sought damages to his vehicle because of alleged use thereof; sought the value of a pistol said to have been in the car at the time it was taken; damages for worry and anxiety about his property; and for punitive damages. The local dealer, Lufkin Motors, Inc., answered generally to the merits of the cause of action. Insofar as the local dealer is concerned, the cause remains in Angelina County.

Ford's plea of privilege, regular in form, was controverted by Collins who invoked Subdivisions 4, 9, 23 and 29a of Article 1995, Vernon's Ann.Civ.St. Without leave having been obtained, Collins filed an amended controverting affidavit the day before the hearing in which he also invoked the provisions of Subdivision 5 of the venue statute. Ford objects to our consideration of the latter section, but in view of our disposition of the case, this position becomes immaterial.

Ford, without waiving its plea of privilege, filed a counter claim wherein it sought recovery of the unpaid balance alleged to be due upon the note and lien ($768.04), "late charges" of $73.21, and repossession expense of $100.00, as well as attorney's fees, foreclosure of its lien, etc.

Collins brings forward two points, the first of which urges his contention that he proved a joint cause of action against both Ford and the resident defendant, the dealer. Under his first point, he has three "propositions" raising Sections 4, 5, 23 and 29a. Under the second point, he asserts that he has proved a commission of a crime in Angelina County, thereby invoking Section 9.

We disagree and affirm the judgment of the trial court.

The trial court filed no findings of fact or conclusions of law and on this appeal we are directed to review the evidence in the same manner as we would that in any other civil case. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95 (1935); Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 99 (1953). While Collins comes forward with two points of error with the "propositions" appended thereto, he has no point raising either the "no evidence" or "insufficient evidence" theory of reversal. Instead, he contends that he proved a case under the respective exceptions. However, the trial court was not so convinced. Ford contends that, under these circumstances, we should follow the rule announced in Oxford Development Co. v. Eppes, 422 S.W.2d 583, 584 (Corpus Christi Tex.Civ.App., 1967, no writ), wherein a similar contention was faced:

"Accordingly [where no findings of fact or conclusions of law were requested or filed], the judgment of the trial court implies with it all necessary fact findings in support of such judgment. In seek- to determine whether there is any evidence to support the same, and the implied findings of fact incident thereto, it is proper for us to consider only that evidence most favorable to the issue and to disregard entirely that which opposes it. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1950)."

Eppes enunciates the correct rule of law and will govern our approach to the issues presented by the appeal in this case.

At the outset, we refer to the general rules relating to the burden under which a plaintiff labors when he undertakes to sue a defendant outside of the county of his residence. These rules are collated and summarized in Admiral Motor Hotel of Texas, Inc. v. Community Inns, 389 S.W. 2d 694, 698 (Tyler Tex.Civ.App., 1965, no writ), from which we take this long quotation:

"In order to defeat a defendant's privilege of being sued in the county of his residence, when challenged, the burden

is upon the plaintiff to allege and prove that the case is within one of the exceptions to Article 1995, Vernon's Ann. Tex.Rev.Civ.St. of Texas. Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824 (1931); Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845 (1931); McMurtry v. Addington, 332 S.W.2d 407 (Tex.Civ.App.) 1960, no writ. The 'venue facts' which the plaintiff must allege and prove in order to defeat the plea are those which are stated in the particular exception of Article 1995 applicable to the suit as alleged. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935). The burden is plaintiff's to establish those venue facts by a preponderance of competent evidence. Hitchcock v. Pearce, 348 S.W.2d 408 (Tex.Civ. App.) 1961, no writ; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941); Fagg v. Benners, 47 S.W.2d 872 (Tex.Civ.App.) 1932, no writ."

In our discussion of the matter, we will treat each of the several exceptions to the venue statute separately and without specific reference to Collins' points or propositions.

### THE EVIDENCE

The evidence shows on April 1, 1965, Collins purchased a Mercury Comet automobile from Lufkin Motors, Inc., with the cash price therefor being $3,231.33, including sales tax and license fee. A Ford pickup was traded in, valued at $670.00; Collins paid $63.53 in cash, which left a balance due and owing on the purchase price of the car of $2,497.80. For this he gave a note payable in 36 monthly installments, including finance charge of $470.08, and insurance charge of $120.92, which amounted to $3,088.80 when amortized, being due and payable in 36 monthly installments of $85.80 each, commencing May 1, 1965, and continuing on the 1st of each month thereafter through April 1, 1968. There is a written contract and

mortgage executed by Collins in favor of Lufkin Motors, Inc. which was promptly sold and assigned in whole to Ford by Lufkin Motors, Inc. Although Ford instructed Collins to make his payment to Ford at Dearborn, Michigan or Dallas, Texas, Collins made his payments to Lufkin Motors, Inc., and it forwarded the payments for Collins to Ford. Collins admitted the following is a correct run-down by date and amount of payments made by him to Lufkin Motors, Inc.:

| | |
|---|---|
| May 3, 1965 | $ 85.80 |
| June 25, 1965 | 85.80 |
| July 7, 1965 | 85.80 |
| August 5, 1965 | 85.80 |
| August 27, 1965 | 85.80 |
| October 6, 1965 | 85.80 |
| October 25, 1965 | 85.80 |
| December 30, 1965 | 171.60 |
| March 26, 1966 | 85.80 |
| May 18, 1966 | 171.60 |
| June 2, 1966 | 89.64 |
| July 28, 1966 | 89.64 |
| August 31, 1966 | 89.64 |
| September 8, 1966 | 179.28 |
| November 3, 1966 | 89.64 |
| November 15, 1966 | 89.64 |
| January 3, 1967 | 89.64 |
| February 10, 1967 | 179.28 |
| April 17, 1967 | 89.64 |
| May 10, 1967 | 89.62 |
| May 22, 1967 | 95.95 |
| June 22, 1967 | 95.95 |
| September 8, 1967 | 95.95 |
| October 19, 1967 | 95.95 |
| January 18, 1968 | 670.00 |

From the above it will be seen that Collins' account was chronically delinquent from its inception. Collins refused to pay late charges and never offered to pay the balance on the car. He took the position that he was not bound by the terms and conditions of the written contract which he had signed. The correct balance owing by Collins was not $670.00 he paid on January 18, 1968, but $768.04, without including late charges and repossession expenses. The installment purchase contract signed

by Collins reads at the top of the first page in part as follows:

"Buyer * * * hereby purchases from seller * * * subject to the terms and conditions set forth on the face and reverse sides hereof, the following property * * *"

Paragraph one of the chattel mortgage provides:

" * * * In the event of the transfer and assignment of seller's rights hereunder, the word 'seller' shall be understood to mean any subsequent holder of this contract under such transfer and assignment, except as otherwise may be particularly stated herein."

Paragraph four of the contract sets out the rights of Ford (Seller) in the event of a default as follows:

" * * * Further in any such event, seller, its agents or representatives, or any sheriff or other officer of the law may take immediate possession of the property, including any equipment or accessories, without demand; and for this purpose seller, its agents or representatives, or any sheriff or other officer of the law may enter upon the premises where the property may be and remove same. Seller may take possession of any other items in the hereinbefore described property at time of repossession, wherever such other items may be therein, and hold same temporarily for buyer without liability on the part of seller."

Collins simply stated that he doesn't want to be bound by the written contract he signed when buying the car, and therefore he is not bound by the contract.

It was on January 16, 1968, Collins parked his car on his parking lot. When he returned it was gone. There is no evidence of the use of force, threats, violence, breaking and entering or fraudulent intent when Ford repossessed the car in reliance upon its contract with Mr. Collins.

Collins' contention that he is entitled to maintain the suit against Ford in Angelina County under the provisions of Section 4 of Article 1995 is overruled. Collins failed to prove the existence of a bona fide cause of action against the local defendant (Lufkin Motors, Inc.) which is indispensable. Harris v. Cleveland, 294 S.W. 2d 235 (Galveston Civ.App., 1956 error dism'd); Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936). The trial court ruled that Collins had not proven the necessary venue facts to allow the case to be retained in Angelina County as against Ford which ruling is supported by the evidence and is not against the great weight and preponderance of the evidence.

Collins' contention that he is entitled to maintain the suit against Ford in Angelina County under the provisions of Section 5 of Article 1995 is overruled. There is ample evidence supporting the court's ruling for under the terms of the contract Ford became the "seller" as clearly stated in provision No. 1 thereof. The seller, Ford, did not contract in writing with Collins to perform an obligation in Angelina County. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948); Rogers v. Waters, 262 S.W.2d 521, 522 (San Antonio Tex.Civ.App., 1953, no writ); Harris v. Ashland Oil & Refining Co., 315 S.W.2d 327 (El Paso Tex.Civ.App., 1958, no writ).

Collins' contention that he is entitled to maintain the suit against Ford in Angelina County under the provisions of Section 9 of Article 1995 is overruled. Under Texas law, Ford had a right to take the car and its procedure was proper. The repossession was not a trespass or conversion. There is no evidence presented of fraudulent intent. All testimony shows that Ford thought it had a right to take the car. Collins did not prove a theft. Singer Mfg. Co. v. Rios, 96 Tex. 174, 71 S.W. 275 (1903); Pacific Finance Corp. v. Crouch, 243 S.W.2d 432 (Texarkana

**474**

Tex.Civ.App., 1951, no writ); Burnaman v. State, 130 Tex.Cr.R. 355, 94 S.W.2d 751 (1936).

Collins' contention that he was entitled to maintain the suit against Ford in Angelina County under the provisions of Section 23 of Article 1995 is overruled.

 For Collins to maintain venue under Section 23 of Article 1995 he had to prove a cause of action against Ford, not simply show that he had a prima facie case. Paraphrasing Admiral Motor Hotel, supra, 389 S.W.2d on page 698, the venue facts which Collins had the burden of establishing are that Ford is a private corporation, that Collins has a cause of action against Ford and that said cause of action or a part thereof arose in Angelina County. Continuing our quotation from Admiral Motor Hotel:

"It is not sufficient under this Exception [Exception 23 of Article 1995] to show merely a prima facie case or merely to introduce enough evidence to raise an issue—*the plaintiff must establish by a preponderance of the evidence that he has a 'cause of action' as alleged * * ** [Citations omitted, emphasis supplied]."

This suit was not brought in the county of Ford's principal place of business. To meet the requirements of Section 23, Collins must prove a cause of action against Ford by a preponderance of the evidence. This he failed to do. He failed to pay for the car. Ford had a right to repossess his car because of his failure to make the payments. Ford repossessed the car in a lawful manner with no theft involved. There is no evidence Ford wrongfully took a pistol, whether in the car or not.

There are two defendants in this suit which is not lawfully maintainable in Angelina County, Texas, under the provisions of Article 1995, including Sections 4, 5, 9 and 23 thereof as to either of the two defendants. Collins' contention that the suit can be maintained against Ford in Angelina County under the provisions of Section 29a of Article 1995 is overruled.

Judgment of the trial court affirmed.