**Larry D. SLAYTON, Appellant,**

v.

**Iris Marie SLAYTON, Appellee.**

**No. 8012.**

Court of Civil Appeals of Texas, Beaumont.

Sept. 15, 1977.

Larry C. Myers, Houston, for appellant.

Earl M. Black, Port Arthur, for appellee.

CLAYTON, Justice.

Appellee, Iris Marie Slayton, filed this suit against Larry D. Slayton, in the 60th District Court of Jefferson County, Texas. Appellant filed a plea of privilege to be sued in Harris County, Texas, the county of his residence. Appellee filed a controverting plea seeking to sustain venue in Jefferson County under the provisions of Subdivisions 7, 10, and 11 of Tex.Rev.Civ.Stat.Ann. art. 1995 (1964). The trial court overruled appellant's plea of privilege.

Appellee, Iris Slayton, was the wife of Clarence Slayton, deceased, who died April 24, 1976. Appellant, Larry Slayton, is the son of Clarence Slayton by a prior marriage. Clarence Slayton resided and was domiciled in Jefferson County, Texas, and there is a pending probate of a will which disposes only of his interest in the homestead located in Jefferson County, Texas.

Appellee has been appointed independent executrix of the estate.

Subdivision 7 of Tex.Rev.Civ.Stat.Ann. art. 1995 (1964) provides as follows:

"Fraud and Defalcation—In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

For appellee to sustain venue of this suit in Jefferson County under the provisions of this subdivision, she must allege and prove a prima facie case of actionable fraud.

Appellee testified that her husband was killed in an automobile accident on the 24th of April 1976. Appellant, upon news of his father's death, immediately went to Port Arthur, which was the residence of appellee and her deceased husband. Appellant immediately began to dispose of his father's estate, such as the assets of the used automobile business which was done with appellee's consent. She further testified that her husband's will could not be found, and appellant was anxious to settle his interest in his father's estate. The will was subsequently found, but it only disposed of the homestead.

Appellant told appellee that her part of the estate was valued at something between $30,000 and $210,000 and that she would be required to pay approximately $30,000 to $40,000 in inheritance taxes.

Mrs. Slayton testified that because of her state of shock, appellant prevailed upon her to give him $25,278.30 that belonged to her and the estate.

The record is not clear as to the value of the estate, but it reflects that the estate consists of a home (the community interest being valued at $10,000), the automobile business valued at $5,000 (the community interest being $2,500), and various other items, the value of which is not stated. The total estate shows a community interest valuation of approximately $12,650, plus a portion of the $27,278, which was community property, the exact amount not being shown in the record. The estate also consists of some real estate in another county which appellee concedes would be inherited by appellant under the laws of descent and distribution. It is apparent from the evidence of Mrs. Slayton that appellant was not selling his interest in this part of the estate.

According to the testimony of appellee, the value of the estate was represented by appellant to be between $30,000 and $210,000, and the record reflects that it was worth approximately $12,650, that such representation was false that she relied thereon, that she paid $27,278 for his portion of the estate in reliance upon such false representation, and that damage resulted to her as a result of the fraud and misrepresentation. Also, the fraudulent statement was made in Jefferson County.

Appellee sued for the recovery of the amount paid to appellant in her capacity as personal representative of the estate of her deceased husband and in her individual capacity for the reason that part of the money was her separate property and the balance was community property.

**540**

The evidence presented by appellee shows the constituent elements of fraud. *Wilson v. Jones,* 45 S.W.2d 572 (Tex.Comm.App. 1932, holding approved); *Custom Leasing, Inc. v. Texas Bank & T. Co. of Dallas,* 516 S.W.2d 138, 143 (Tex.1974), and *Oilwell Division, United States Steel Corp. v. Fryer,* 493 S.W.2d 487, 491 (Tex.1973).

■ There being no findings of fact and conclusions of law requested or filed by the trial court, every issue raised by the evidence must be resolved in favor of the trial court's judgment. *Coker v. Harris,* 281 S.W.2d 100 (Tex.Civ.App.–Dallas 1955, writ ref'd n.r.e.); *Oxford Development Co. v. Eppes,* 422 S.W.2d 583 (Tex.Civ.App.–Corpus Christi 1967), no writ).

■ Appellee plead and proved a prima facie case of fraud in Jefferson County, and the trial court was correct in overruling appellant's plea of privilege.

AFFIRMED.