**GENERAL MOTORS CORPORATION,
Appellant,**

v.

**Norman SMITH, Appellee.**

**No. 4509.**

Court of Civil Appeals of Texas,
Eastland.

Nov. 12, 1971.

Gibbins & Spivey, Bob Gibbins, Austin, for appellant.

Cox & Hurt, Steve L. Hurt, Plainview, for appellee.

McCLOUD, Justice.

This is a venue case. Norman Smith filed suit against General Motors Corporation and Bob Gardner Chevrolet, Inc., in Hale County. He sought recovery for damages to his truck which he alleged was manufactured by General Motors Corporation and purchased from Bob Gardner Chevrolet, Inc. The damage occurred when the left rear dual wheels came off while plaintiff was driving the truck in Tarrant County.

Defendant, General Motors Corporation, filed a plea of privilege seeking to have the suit against it transferred to Dallas County, its place of residence. Plaintiff, Norman Smith, filed a controverting plea alleging that Bob Gardner Chevrolet, Inc., was a resident of Hale County and that

under Subdivision 4 of Article 1995, Vernon's Ann.Civ.St., he could properly bring his suit in any county where one of the defendants resides.

The trial court overruled the plea of privilege and General Motors Corporation appeals. We reverse and remand.

Appellant, General Motors Corporation, contends that appellee, Norman Smith, failed to prove a bona fide cause of action against Bob Gardner Chevrolet, Inc., the alleged resident defendant. Also, he failed to prove that Bob Gardner Chevrolet, Inc., actually resided in or had its principal place of business in Hale County, the county of suit, at the time the suit was filed.

Subdivision 4 provides in part: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides . . ."

The venue facts under Subdivision 4 are: (1) one defendant resides in the county of suit; (2) the party asserting his privilege is at least a proper party to the claim against the resident defendant; and, (3) the plaintiff has a bona fide claim against the resident defendant. McDonald, Texas Civil Practice, Venue, Vol. 1, Sec. 4.10.2.

Appellee argues that he properly alleged and proved a bona fide "strict liability" cause of action against the resident defendant. We think there was circumstantial evidence introduced from which the trial court might conclude that the lug nuts were defective at the time of sale. Darryl v. Ford Motor Company, 440 S.W. 2d 630 (Tex.Sup.1969).

However, we have searched the record and find that appellee failed to prove that the alleged resident defendant, Bob Gardner Chevrolet, Inc., did in fact reside in or had its principal place of business in Hale County at the time the suit was filed. Appellee alleged in his controverting plea that Bob Gardner Chevrolet, Inc., was a resident of Hale County,

but this was not proven by affirmative evidence at the hearing. Proof is not made by the allegations of the petition or of the controverting affidavit. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Comm.App.1936); 60 Tex.Jur.2d 110, Venue, Sec. 220.

We feel that in the interests of justice and because the facts were not fully developed the cause should be remanded for a new trial and it is so ordered.