John BYNUM, Appellant,

v.

OLSON & CARGILL DIRT COMPANY, Appellee.

No. 5937.

Court of Civil Appeals of Texas, Waco.

Sept. 28, 1978.

Rehearing Denied Oct. 19, 1978.

---

William C. Shaddock, Strother, Davis & Stanton, Dallas, for appellant.

John L. Bates, Waco, for appellee.

HALL, Justice.

This is a venue case involving the application of subdivision 4 of Article 1995, Vernon's Tex.Civ.St.

Plaintiff Olson & Cargill Dirt Company brought this suit in McLennan County on a sworn open account for an alleged balance due of $3,246.00 for topsoil furnished and certain yard work done by plaintiff at the special instance and request of defendants John Bynum, L. M. Dabney, Lewis Crump, and First Homes of Texas, Inc. The record does not reflect that any defendant answered plaintiff's suit, but defendant John Bynum filed a plea of privilege to be sued in Dallas County, the county of his residence. Plaintiff controverted Bynum's plea. After a hearing without a jury, the trial court overruled the plea of privilege. Bynum appeals. We affirm the court's ruling.

The evidence shows that the materials furnished and the work done by plaintiff were in connection with the construction of ten houses built by or constructed in the name of defendant First Homes of Texas as builder in McLennan County. It also shows that Bynum is president of First Homes of Texas, that defendant Crump is an officer of First Homes, and that defendant Dabney is the company's real estate sales representative. Plaintiff's petition contained an alternative count in which it was asserted that the defendants had diverted trust funds intended for materialmen on those jobs, including plaintiff, within the meaning of Article 5472e, Vernon's Tex.Civ.St. Evidence was adduced by plaintiff in support of that count. The parties devoted most of their briefs to the questions of the sufficiency of the proof to support the cause of action set forth in plaintiff's alternative count, and venue of it. However, Bynum asserts in his brief that the "principal theory" of recovery alleged by plaintiff was "under a sworn account." Bynum also admits in his brief that, "In plaintiff's original petition and at the venue hearing, plaintiff established that First Homes of Texas, Inc., has its offices at and resides in Waco, McLennan County, Texas."

Subdivision 4 of Article 1995 provides, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." To obtain the benefits of that

venue provision the plaintiff must (1) plead and prove that one defendant resides in the county of suit; and (2) allege in his petition a joint cause of action against the resident and nonresident defendant, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined to avoid a multiplicity of suits; and (3) prove the cause of action pleaded against the resident defendant. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936).

We need not detail plaintiff's petition and its attached exhibits. It pleads a cause of action on sworn account against all the defendants, jointly, under Rule 185, Vernon's Tex.Rules Civ.Proc.[1] Plaintiff did not formally introduce the sworn account into evidence, but that was not necessary under the record of the case. It is settled that if the defendant fails to file a written denial under oath and in the form provided in Rule 185, he will not be permitted to dispute receipt of the items or services or the correctness of the stated charges; and, under those circumstances, the sworn account constitutes prima facie evidence of the debt without the necessity of formally introducing the account into evidence. *Airborne Freight Corporation v. CRB Marketing, Inc.*, 566 S.W.2d 573 (Tex.Sup.1978). Since defendant First Homes failed to file a sworn denial of the account, no further evidence was required and plaintiff therefore proved its cause of action against that defendant, a resident of McLennan County, the county of suit. Accordingly, the requirements of subdivision 4 of the venue statute for maintaining the suit in McLennan County were satisfied. Because Bynum was the nonresident defendant, his liability on the sworn account, pleaded against him and First Homes jointly, was not a material question on the plea of privilege hearing. *Stockyards Nat. Bank v. Maples, supra,* at 95 S.W.2d 1304.

We need not and do not pass upon the contentions of the parties which are concerned with the sufficiency of the proof at the venue hearing of plaintiff's cause of action for alleged diversion of materialmen's funds by defendants.

The judgment is affirmed.

---

1. Rule 185. Suit on Sworn Account.

When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; . . . When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be.